MRS. KATHERINE P. SISK, AS ADMINISTRATRIX OF THE ESTATE OF EDWARD SISK, DECEASED, v. OLD HICKORY MOTOR FREIGHT, INC., AND D. L. WILSON.

(Filed 3 March, 1943.)

**Process § 6h: Corporations § 48—**

The continuance of corporate existence, by C. S., 1193, makes service of process on a corporation, after it has been adjudged a bankrupt and its charter forfeited under C. S., 1190, reasonable notice and a valid service. These statutes must be read *in pari materia.* Michie's Code, 1137 (a).

APPEAL by defendant Old Hickory Motor Freight, Inc., from *Clement, J.,* at December Term, 1942, of McDOWELL. Affirmed.

(Facts necessary to an understanding of the case are stated in the opinion.)

*Proctor & Dameron for plaintiff, appellee.*
*W. R. Chambers and Paul J. Story for defendant, appellant.*

SEAWELL, J. The defendant corporation, on which it was sought to serve process in this action, was created under the laws of this State, and carried on the business authorized by its charter until 1 May, 1942, when it was adjudged a bankrupt, and its charter became forfeited by operation of C. S., 1190. Its principal office was located in Thomasville, Davidson County. Thereafter, plaintiff brought this action; and, the sheriff of Davidson County, to whom summons was directed, having made a return upon the summons that after due diligence and search he had been unable to find any person designated as process agent of defendant, or any other officer, director or agent of the defendant, and that none of these were to be found in the county, caused service to be made on the Secretary of State under the provisions of chapter 133, Public Laws of 1937 (Michie's Code, 1939, sec. 1137-a).

The defendant entered a special appearance and moved to dismiss the action for lack of service and consequent want of jurisdiction. The motion was denied and defendant appealed.

No question has been presented for our consideration except the validity of the service.

We examine the contentions of the parties in the light of the pertinent statutes.

The cited statute—chapter 133, Public Laws of 1937, secs. 1 and 3—provides as follows:

"Every corporation chartered under the laws of North Carolina shall have an officer or agent in the county where its principal office is located upon whom process can be had, and shall at all times keep on file with the secretary of state the name and address of such process officer or agent, and upon the return of any sheriff or other officer of such county that such corporation or process officer or agent cannot be found, service may be had upon such corporation by leaving a copy with the secretary of state, who shall mail the copy so served upon him to the process agent or officer at the address last given and on file with him, or if none, to the corporation at the address given in its charter; and any such corporation so served shall be in court for all purposes from and after the date of such service on the secretary of state.

"This section shall not be in derogation of any other act or law pertaining to the service of summons or process, but shall be in addition thereto."

The defendant contends that the mode of service provided in the statute is inapplicable to a corporation whose charter has become forfeited by reason of an adjudication in bankruptcy, as provided in the statute—C. S., 1190. The pertinent provision reads as follows:

"When a corporation chartered under the laws of this state is adjudged bankrupt under the laws of the United States . . ., the charter of the corporation is forfeited without further action, unless the stockholders determine by appropriate resolutions to continue the corporate existence of the corporation after the adjudication in bankruptcy, . . ."

Defendant insists that upon forfeiture of the charter the corporation becomes "defunct" or "dissolved"—at least *pro tempore,* citing *VonGlahn v. DeRosset,* 81 N. C., 467, 474-476, and *Dobson v. Simonton,* 86 N. C., 492—and that it had not the power to appoint a process agent or any officers upon whom process could be served.

However, this statute must be read *in pari materia* with C. S., 1193, the application of which also is necessary to determine the status of a corporation suffering a forfeiture of its charter under C. S., 1190, by reason of bankruptcy:

"All corporations whose charters expire by their own limitation, or are annulled by forfeiture or otherwise, shall continue to be bodies corporate for three years after the time when they would have been so dissolved, for the purpose of prosecuting and defending actions by or

against them, and of enabling them gradually to settle and close their concerns, to dispose of their property, and to divide their assets; but not for the purpose of continuing the business for which the corporation was established."

By virtue of this Act, the immediate dissolution of the defendant corporation in the sense contended for by counsel for the defense was obviated. *General Electric Co. v. West Asheville Improvement Co.,* 73 Fed., 386, 388. The corporate existence of defendant was continued for three years from the forfeiture—after the time when it "would have been dissolved"—for the purpose of prosecuting and defending actions and for winding up its affairs. Its disability applies to continuing the business for which the corporation was established.

Under such circumstances—that is, where provision is made for continuing corporate existence for purposes of suit—the rule generally applied is that service may be made on such persons as are designated for that purpose by the statute prior to the forfeiture of the charter. 19 C. J. S., 1567, sec. 1776, and cases noted.

In point is *Hould v. Squire,* 91 N. J. L., 103, 79 Atl., 282, in which, construing a statute identical with ours, the Court held that the continuance of corporate existence for the purpose of prosecuting and defending suits preserved the statutory mode for serving process existing at the time of the forfeiture. Incidentally, this was an action in tort brought after the forfeiture and discontinuance of the charter, as in the present case.

The provision for service upon the Secretary of State is not in the nature of a penalty upon the corporation for not having an agent upon whom process could be had, and not keeping the name of such agent on file with the Secretary of State, which might be condoned because of the alleged inability of the corporation to comply with the statute. It is a device for public convenience and is sustained upon the theory that it is reasonably adequate notice, either to be employed alternatively or where other forms of notice are unavailable.

The Secretary of State is required to mail the copy of the process served upon him to the process agent or officer at the address last given and on file with him, or if none, to the corporation at the address last given in its charter. This provision is questioned by the defendant as not constituting reasonable notice, because of the uncertainty of relaying the notice to a defendant under the circumstances here presented. The constitutionality of similar statutory provisions as due process of law was upheld in *Smith v. Finance Co.,* 207 N. C., 367, 368, 177 S. E., 183; *Lunceford v. Association,* 190 N. C., 314, 315, 129 S. E., 805; *Goodwin v. Claytor,* 137 N. C., 224, 232, 49 S. E., 173; *Fisher v. Insurance Co.,* 136 N. C., 217, 222, 48 N. C., 667. The objectionable feature, however,

might have been obviated by proper attention of the defendant to the provisions of the statute.

We are unable to accommodate the supposed finality of the *VonGlahn case, supra,* to the facts at issue here. In that case, the corporation and its directors were exonerated because no action whatever had been taken within the three years of grace following the expiration of the charter.

This action does not concern any of the assets of the corporation, presently or prospectively, in the hands of the trustee in bankruptcy, but C. S., 1193, covers cases of forfeiture not nearly so horrendous as bankruptcy. We do not think that it was the intention of the cited statutes to bring about a situation in which a corporation could be alive to its assets, but dead to its obligations, or enjoy the security of an indefeasible *non est inventus* during the time corporate existence is continued by statute for the purpose of suing and being sued.

We regard the service as legally sufficient, and the judgment of the court below is

Affirmed.