INTERNATIONAL PULP EQUIPMENT CO.,
Limited, v. ST. REGIS KRAFT CO.

No. 341.

District Court, D. Delaware.
April 10, 1944.

W. Reese Hitchens (of Hering, Morris,
James & Hitchens), of Wilmington, Del.,

and Frank J. Dillon (of Dillon, O'Brien & Clark), of New York City, for plaintiff.

C. A. Southerland (of Southerland, Barl & Potter), of Wilmington, Del., and Horace H. Lamb (of Le Boeuf & Lamb), of New York City, for defendant.

LEAHY, District Judge.

Defendant, a Delaware corporation, was dissolved on September 30, 1940. Plaintiff[1] brought suit September 23, 1943. Summons was served on the Corporation Trust Company, as defendant's resident agent. Defendant moved under Rule 12 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to quash and set aside the service of the summons. While the particular provision of Rule 12 which defendant desires to utilize is not specified, it is presumed to be (b) either (4) or (5), i.e., either insufficiency of process or insufficiency of service of process. The question on the motion, then, is the validity of the summons on the Corporation Trust Company; or, generally, is service of process on a resident agent of a dissolved Delaware corporation invalid for the reason that the resident agent's power to accept such service is terminated by the dissolution?

Sec. 48 of the Delaware Corporation Law, 41 Laws of Delaware of 1937, c. 131, p. 276, provides for service of process on either the officers or directors who may be located within the State of Delaware, or upon the resident agent.[2] If service cannot be made on the individuals named, then a procedure is outlined for service on the Secretary of State of Delaware.[3] For purposes of discussion it is tacitly agreed by all that no officer or director of defendant resided in Delaware at the time of institution of suit.

Sec. 42 of the Delaware Corporation Law, 43 Laws of Delaware 1941, c. 132, p. 457, provides for the continuance of dissolved corporations for limited purposes, and provides that suits may be commenced against such corporations at any time within three years after the dissolution.[4]

---

[1] Organized under the laws of the Bahama Islands.

[2] Sec. 48 is silent on whom service may be had where the corporation is dissolved.

[3] Sec. 48 of the Delaware Corporation Law provides:

"Service of Legal Process on Corporations:—Service of legal process upon any corporation created under this Chapter shall be made by delivering a copy thereof personally to the president of such corporation, or by leaving the same at his dwelling house or usual place of abode. If the president resides out of the State, service thereof may be made by delivering a copy thereof to the secretary or one of the directors of said corporation, or upon the resident agent in charge of the principal office of the company in this State, or by leaving the same at the dwelling house or usual place of abode of such secretary, director or resident agent (if such resident agent be an individual), or at the principal office or place of business of the corporation in this State. If such resident agent be a corporation, service of process upon it as such agent may be made by serving a copy thereof on the president, vice-president, secretary, assistant secretary, or any director of said corporate resident agent. Service by copy left at the dwelling house or usual place of abode or at the principal office or place of business in this State, to be effective must be delivered thereat at least six days before the return of the process, and in the presence of an adult person, and the officer serving the process shall distinctly state the manner of service in his return thereto; provided, that process returnable forthwith must be served personally.

"In case the officer whose duty it is to serve legal process, cannot by due diligence serve such process in any manner provided for by the foregoing paragraph, it shall be lawful to serve such process against such corporation upon the Secretary of State, and such service shall be as effectual to all intents and purposes as if made in any of the ways hereinabove provided for, and within two days after such service upon the Secretary of State as aforesaid, it shall be the duty of the Secretary of State to notify such corporation thereof by letter directed to such corporation at its last registered office, in which letter shall be enclosed a copy of the process or other papers served and it shall be the duty of the plaintiff in any action in which said process shall be issued, to pay to the Secretary of State, for use of the State, the sum of Three Dollars, which said sum shall be taxed as a part of the costs in said suit if the plaintiff shall prevail therein; the Secretary of State shall alphabetically enter in the "process book" the name of the plaintiff and defendant, the title of the cause in which process has been served upon him, the text of the process so served and the return day thereof, and the day and hour when the service was made."

[4] Sec. 42 of the Delaware Corporation Law provides:

"Continuation of Corporation After Dis-

Defendant argues that the Delaware statutes in effect on September 23, 1943—the date of institution of suit here—provide that absent a proper appointment of a resident agent of a dissolved corporation designated by the directors as trustees or by receivers appointed under Sec. 43 of the Delaware Corporation Law, Rev.Code of 1935, c. 65, § 2075, p. 476, no service on a former resident agent can confer jurisdiction of the dissolved corporation upon this court. This argument is bottomed on an interpretation of Sec. 42 that, while the section continues corporations after dissolution for a period of three years for the purposes stated therein, there is no provision which provides what persons shall have power to do the various acts "for the purpose of prosecuting and defending suits by or against them [dissolved corporations], and of enabling them gradually to settle and close their business, to dispose of and convey their property * * *"; in short, that Sec. 42 contains no automatic extension of the powers of directors or officers or of any resident agent. Thus, defendant contends, if a creditor desires to exercise the right to sue under Sec. 42, he must first make application to the Delaware Chancery Court under Sec. 43 to have the directors appointed trustees or have some person appointed receiver of the dissolved corporation; such persons may then appoint an agent upon whom service of process may be served.[5] But absent action under Sec. 43 and in the light of the elimination of old Secs.

---

solution for Purposes of Suit, Etc.:—All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established; provided, however, that with respect to any action, suit, ·or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by or against the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three-year period and until any judgments, orders, or decrees therein shall be fully executed."

[5] Defendant points out that prior to 1925 old Secs. 41 and 42 provided:

"Sec. 41. Trustees Under Dissolution:—Upon the dissolution of any corporation under the provisions of Section 39 of this Chapter, the directors, or the governing body, by whatever name it may be known, shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell, and convey the property, real and personal, and divide the monies and other property among the stockholders, after paying its debts.

"Sec. 42. Trustees Under Dissolution; Powers and Liabilities:—The persons constituted trustees as aforesaid shall have authority to sue for and recover the afore-said debts and property, by the name of the trustees of such corporation, describing it by its corporate name, and shall be suable by the same name for the debts owing by such corporation at the time of its dissolution, and shall be jointly and severally responsible for such debts, to the amounts of the monies and property of such corporation which shall come into their hands or possession." See Revised Code of Delaware, 1915, c. 65, Secs. 1955 and 1956.

By 34 Del.Laws, c. 112, Sec. 10, these two sections were repealed.

Moreover, Sec. 43 prior to the 1925 amendment provided:

"Sec. 43. Dissolved Corporations; Receivers for; How Appointed; Powers:—When any corporation organized under this Chapter shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor or stockholder of such corporation, at any time, may either *continue such directors, trustees as aforesaid,* or appoint one or more persons to be receivers of and for such corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation; and the powers of such trustees or receivers may be continued as long as the Chancellor shall think necessary for the purposes aforesaid." (Italics supplied) See Revised Code of Delaware, 1915, c. 65, Sec. 1957.

748

41 and 42 in their entirety by the Legislature in 1925, the defendant insists "the directors of a dissolved corporation * * * no longer possess the powers as 'trustees under dissolution'". Therefore, defendant's inevitable conclusion is that unless the Delaware Chancery Court "appoints" the former directors "trustees of and for the corporation" or "appoints receivers thereof" *"no one has lawful power to act for the dissolved corporation."*

Defendant fails to consider that Sec. 42 creates a new right of substance, for at common law a dissolved corporation could neither sue nor be sued. See, Thompson, Law of Corporations 3d Ed., § 6510; Fletcher, Cyc. Corporations, Perm. Ed., § 8142; First Nat. Bank of Selma v. Colby, 21 Wall. 609, 22 L.Ed. 687; Commercial Bank v. Lockwood's Adm'r, 2 Del. 8, 2 Harr. 8. The nature of the new right conferred is similar to that conferred by the various Lord Campbell Acts in keeping a legal wrong alive by creating a new cause of action which may be prosecuted to remedy the wrong. Since the matter is one of substance, it necessarily is controlled by the law of Delaware. American Transportation Co. v. Swift & Co., 2 Cir., 24 F.2d 310. There are many cases which have, in effect, rejected the argument urged by defendant here that action must first be had under Sec. 43 before suit may be commenced under Sec. 42. See, United Automatic Rifles Corp. v. Johnson, D.C., 41 F.Supp. 86; Trounstine v. Bauer, Pogue & Co., Inc., D.C., 44 F.Supp. 767; Arn v. Bradshaw Oil & Gas Co., 5 Cir., 93 F.2d 728. At least one Delaware authority runs counter to defendant's argument. In Carle v. International Clay Products Co., 15 Del. Ch. 166, 132 A. 892, a case decided after the 1925 amendments referred to and relied on by defendant, it was held that, in an action under Sec. 43, good cause must be shown to have a receiver appointed during the three year period the corporation survives after dissolution. If a litigant has a cause of action against a dissolved corporation, it would hardly seem rational that Carle holds the litigant must first convince

the chancery court he should be allowed to sue. Cf. Salembier v. Great Neck Bond & Mortgage Corp., 1937, 22 Del.Ch. 183, 194 A. 35.[6] In Eastman Gardiner & Co. v. Warren, 5 Cir., 109 F.2d 193, the Court said: "The argument of appellant ignores the fact, of which we take judicial notice, that the statutes of Delaware extended appellant's life as a corporation for three years for the purpose of suing and being sued. See Section 2074 of the Revised Code of Delaware for 1935. As an additional safeguard, Section 2078 of said Code expressly provides that dissolution shall be no cause for abatement of any action pending on the date of the dissolution of any corporation. Harned v. Beacon Hill Real Estate Co., 9 Del.Ch. 411, 84 A. 229. Section 2075 permits the appointment of receivers, but their appointment is not mandatory." No case has been discovered which decides or implies, and the conclusion is not reached here, that action must be had under Sec. 43 before suit may be brought under Sec. 42. In view of the right to sue under Sec. 42, as it has been construed here, the instant action may, therefore, be maintained.

But, the motion for decision is directed at the sufficiency of the service of the summons.

It is Delaware law that, after a corporate dissolution, absent a statutory provision, the agency relationship between the corporation, as principal, and its local resident agent, as agent, ceases; and the latter is no longer possessed of powers to act for its principal. To allow it to continue the existence of such a relationship pro hac vice is to ignore the rule that corporations exist only by legislative act; so, if it is to have a resident agent for whatever purpose, "there should be some statutory authority for the prolongation."[7] The relationship between the corporation and its resident agent is purely contractual. I fail to find in the Delaware law the imposition of a statutory obligation for a resident agent as a condition of a domestic corporation doing business,[8] for if

---

[6] There are other Delaware decisions holding that receivers or trustees need not be appointed for a Delaware corporation within three years after its dissolution, but such cases either involve repealed Secs. 41 and 42 or are based upon statutes before the amendments of 1925.

[7] Chief Justice Taft in Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 259, 47 S.Ct. 391, 392, 71 L.Ed. 634.

[8] Under Art. IX, Sec. 5 of the Delaware Constitution and Sec. 215 of the Delaware Corporation Law, Rev.Code of 1935, c. 65, § 2247, p. 521, however, it is a specific condition that no foreign corporation may do business in Delaware without an au-

there is no resident agent who can be served the statute has provided that service may be had on the Secretary of State where officers and directors are not present. This was the very contingency contemplated by Sec. 48, especially in the light of the fact that Sec. 42 is remedial in that the substantive right conferred by that section was nonexistent at common law. Since this new right is conferred, it must have been the Legislature's intent that there should be a method to enforce the right. Secs. 42 and 48 when considered together must be liberally construed.[9] The Secretary of State's capacity to accept service on behalf of a dissolved corporation is one of the conditions upon which a Delaware corporation pursues its right to do business under a Delaware charter. Cf. Dehne v. Hillman Investment Co., 3 Cir., 110 F.2d 456. Since the Delaware courts would have to recognize the validity of service on the Secretary of State for a dissolved corporation, the Rules of Federal Procedure would make such service good here.[10] See Rule 4, Federal Rules of Civil Procedure. The view that the Secretary of State may now be served in the case at bar (even though subsequent to the filing of the complaint more than three years from the date of dissolution have expired) is bottomed on the rule that the instant action commenced by the filing of the complaint. See Rule 3, Federal Rules of Civil Procedure. A similar rule prevails in the Delaware chancery and law courts. Connecticut M. L. I. Co. v. Merritt-Chapman & Scott Corp., 19 Del.Ch. 103, 163 A. 646; Rice v. McCaulley, 7 Houst. 226, 31 A. 240; Philadelphia, B. & W. R. Co. v. Gatta, 4 Boyce 38, 85 A. 721, 47 L.R.A.,N.S., 932, Ann.Cas.1916E, 1227; and 1 Woolley, Delaware Practice, §§ 161, 178.

The precise holding, then, is that defendant's motion to quash the summons is granted. And the greater part of the former discussion is simply a guide as to how proper service may be made on a dissolved Delaware corporation where suit is brought within three years of its dissolution.

---

thorized agent upon whom legal process may be served.

[9] That Delaware recognizes the necessity of liberal and reasonable construction of the service of process statute is shown by Judge Rodney in Wax v. Riverview Cemetery Co., 2 Terry 424, 24 A.2d 431, 434, when he wrote " * * * We think that the increasing liberality in providing additional means for the service of process is for the benefit of those having the need of such process, and where such additional means are purely permissive they do not abrogate an established right. Indeed, in many cases the permissive service upon the Secretary of State may not add any additional means of service. * * * "

[10] If defendant's argument is sound, i.

e., action must first be taken under Sec. 43 looking to the appointment of the directors as trustees or the appointment of receivers for the dissolved corporation, which persons, in turn, would then appoint a resident agent or some other person upon whom process might be served—then how does the litigant get his action started under Sec. 43? Upon whom does he make service in his supplication to the Chancellor to appoint trustees or a receiver who will appoint a person upon whom service may be had when the litigant goes into another courtroom under Sec. 42?

An examination of the files in the Delaware courts shows the established practice to be to make service upon the Secretary of State.