100 So.2d 7

**Ex parte John H. HELVESTON.**

**I Div. 724.**

Supreme Court of Alabama.

Nov. 21, 1957.

Rehearing Denied Jan. 23, 1958.

W. B. Hand and Edmund R. Cannon, Jr., Hand, Arendall & Bedsole, Mobile, for petitioner.

Collins, Galloway & Murphy, Mobile, for respondent.

PER CURIAM.

This is an original petition to this Court for a writ of mandamus directed to a judge of the Circuit Court of Mobile County to review a ruling made by him denying a motion of petitioner to quash service on him as a defendant in a suit at law in the Mobile Circuit Court for the recovery of damages resulting from the alleged negligence of defendant in operating an automobile on the public roads of that county and on the streets of the city of Mobile.

Petitioner was charged by the city police with reckless driving, and his trial set for a future date and he was instructed by the police to appear on that date in the recorder's court of the city to answer said charges; and he gave an appearance bond. Petitioner claims to be a non-resident of Alabama, and that he resides in the state of Florida. He appeared on the appointed day and while in attendance in the recorder's court at said hearing he was served with a copy of the summons and complaint in said suit for damages growing out of the same occurrence for which he was charged in the recorder's court.

The motion to quash the service is based on the contention that service under those circumstances cannot stand up against a motion to quash seasonably made. There is a demurrer by the trial judge to the petition assigning as one ground that the judgment sought to be reviewed could be adequately reviewed on appeal from the final judgment when rendered.

There is no contention that petitioner was inveigled by fraud or deceit into appearing in the recorder's court. Undoubtedly that would have been a good ground for quashing the service, had such occurred. Ex parte Sellers, 250 Ala. 87, 33 So.2d 349.

A rule nisi was waived, but an answer and demurrer were filed, and the cause was submitted on briefs, on petition and demurrer and answer to it.

The demurrer to the petition raises the question of the duty of this Court to review by mandamus the motion to quash service. Petitioner has cited some cases to the effect that the Court will and should review a

ruling on such a motion because there is no remedy to do so by appeal. Ex parte Hill, 165 Ala. 365, 51 So. 786; Ex parte Cullinan, 224 Ala. 263, 139 So. 255, 81 A.L.R. 160.

In the Hill case, supra, the trial court sustained a motion to quash service, which was erroneous. This Court held that there was no way to review it by appeal and therefore mandamus was the proper remedy. Section 214, Title 7, Code, had not then been enacted. Under it, and the principle contained in section 242, Title 7, Code, the ruling may now be reviewed on appeal from the final judgment. That seems to eliminate the argument used in the Hill case. In the Cullinan case, supra, respondent conceded that mandamus was available.

In our later cases this Court seems inclined to adhere more strictly to the principle opposing such a review. Ex parte Little, Ala., 95 So.2d 269 [1]; Ex parte Brooks, 264 Ala. 674, 89 So.2d 100; Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432, and cases there cited.

The Court sees no reason in this sort of case to depart from the general rule not to express its views on the merits of the controversy as was done in Ex parte Little, supra. A question not heretofore before this Court is presented. We are of the opinion that the question ought to be settled in an appeal where it is directly in point, and in such situation that it would not be mere dictum to do so. Plaintiff in this case may undertake to have service under section 199, Title 7, Code. That means of effecting service has been approved. Peters v. Tuell Dairy Co., 250 Ala. 600, 35 So.2d 344; Ray v. Richardson, 250 Ala. 705, 36 So.2d 89; Ex parte Smith, 258 Ala. 319, 62 So.2d 792; Armi v. Huckabee, 266 Ala., 91, 94 So.2d 380.

In any event, this Court prefers not to pass on the question as now presented. The mandamus should therefore be denied.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Petition for mandamus denied.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.

STAKELY, J., not sitting.

On Motion for Rehearing.

PER CURIAM.

■ Petitioner seems to be uncertain whether he waives his claim that service of process should be quashed if after the ruling denying his motion he makes a general appearance and contests the suit on its merits. For his benefit this Court expresses the opinion that his general appearance and contest on the merits of the claim sued on will not waive his right to review the ruling on his motion to quash the service. This is clearly the import of sections 214 and 242, Title 7, Code. It is not controlling that we are here dealing with a motion to quash service and not a plea in abatement. The reason of the rule applies to both procedures. Reading sections 214 and 242 together makes that conclusion clear. See Du Pree v. Hart, 242 Ala. 690(4), 8 So.2d 183. With this addition to the opinion, the application for rehearing should be overruled.

Application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.

STAKELY, J., not sitting.

1. 266 Ala. 161.