114 So.2d 142

**RAILWAY FUEL COMPANY**

v.

**L. S. ACKERMAN et al.**

**6 Div. 357.**

Supreme Court of Alabama.

Aug. 13, 1959.

Bankhead & Petree, Jasper, for appellant.

Fite & Wilson and Tweedy & Beech, Jasper, for appellees.

LAWSON, Justice.

This suit is by the owners of land to recover for damage thereto resulting from underground coal mining operations by the owner of the mineral and mining privileges.

From a judgment in favor of the plaintiffs, the defendant appealed to this court.

The parties will be referred to in this opinion as they appeared in the trial court.

The threshold question concerns the action of the trial court in overruling the defendant's motion to quash service of process.

Defendant corporation was created under the laws of this state and carried on its business of mining coal until December 30, 1953, when it was dissolved by agreement of dissolution filed in the office of the Probate Judge of Jefferson County. See § 104, Title 10, Code 1940, as amended.

When this suit was filed on August 5, 1955, the defendant still existed as a body corporate for the purpose of prosecuting or defending suits, settling its business, disposing of its property, and dividing its corporate stock. § 110, Title 10, Code 1940; Calera Development Co. v. Burgin, 214 Ala. 214, 107 So. 84; George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 140 So. 578; Rayburn v. Guntersville Realty Co., 228 Ala. 662, 154 So. 812, 93 A.L.R. 1055; In re Welch's Estate, 243 Ala. 337, 10 So.2d 5.

Neither § 110, Title 10, nor any other statute with which we are familiar spells out exactly how service is to be had upon a dissolved corporation. At the time suit was filed the defendant had no president, secretary, cashier or managing agent in this state. The name of L. E. Wetterau appeared on the records of the office of the Secretary of State as a statutory agent of the defendant.

Counsel for the plaintiffs, evidently being of the opinion that the dissolution of the corporation operated to prevent service upon Wetterau and upon the individuals who were formerly authorized to receive service on behalf of the corporation by virtue of their positions, sought to obtain service by publication in the manner hereafter related.

Shortly after the complaint was filed, one of the attorneys of record for the plaintiffs filed in the office of the Clerk of the Circuit Court of Walker County an affidavit which reads in part as follows:

"I am one of the attorneys of record for L. S. Ackerman, C. S. Ackerman, C. C. Ackerman and Minnie Ross Ackerman, who are the plaintiffs in a suit filed against the Railway Fuel Company, a corporation, in the Circuit Court of Walker County, Alabama, that the defendant Railway Fuel Company, is a domestic corporation organized under the laws of the State of Alabama; that the president, secretary, cashier, or managing agent of said corporation are absent from the State of Alabama, and that in the belief of affiant that there is no person in the employee [sic] of the defendant corporation in this state or doing business for it in this state, and that the place of residence of the president, secretary, cashier or other agent of such corporation, or the directors thereof are unknown to affiant."

Thereafter the Clerk of the Circuit Court of Walker County caused a notice of the filing of the affidavit to be published in a Walker County newspaper for four consecutive weeks. The published notice called upon defendant to appear within thirty days from date of publication of the notice.

The defendant appeared specially and moved to quash service without submitting itself to the jurisdiction of the court. The

motion to quash service was submitted to the court along with a stipulation of the attorneys, in which stipulation the defendant again limited its appearance solely for the purpose of filing the stipulation. In the stipulation it was agreed, among other things, that no copy of the newspaper in which publication of notice was had was mailed to the president, secretary, cashier or other agent of the defendant at their place of residence or elsewhere.

The motion to quash service was overruled. Thereafter appellant pleaded the general issue in short by consent in the usual form.

■ Defendant by making a general appearance and contesting the suit on its merits after the motion to quash was overruled has not waived its claim that service should have been quashed and the ruling on the motion to quash is properly reviewable on appeal from the final judgment. Ex parte Helveston, 267 Ala. 94, 100 So.2d 7.

The question of how service is to be had upon a dissolved corporation where there is no express statutory direction has never been passed on by this court in so far as we are advised. It has been passed on by other courts.

Some courts have held that individuals who, because of their positions, were authorized to receive service on behalf of the corporation at the time of dissolution, continue as individuals to possess such authority in the absence of statutory provisions spelling out how process is to be served. Castle's Adm'r v. Acrogen Coal Co., 145 Ky. 591, 140 S.W. 1034; Lynchburg Colliery Co. v. Gauley & E. R. Co., 92 W.Va. 144, 114 S.E. 462. See Sisk v. Old Hickory Motor Freight, Inc., 222 N.C. 631, 24 S.E.2d 488; 16 Fletcher Cyclopedia Corporations (Perm. Ed.), § 8146.

Other courts have taken a contrary position and have held that service should be had on the individuals upon whom the applicable statutes have placed the responsibility of attending to the affairs of the dissolved corporation during the period of time in which it remains in existence for limited purposes. See International Pulp Equipment Co. v. St. Regis Kraft Co., D.C. Del., 54 F.Supp. 745; Kopio's, Inc. v. Bridgeman Creameries, Inc., 248 Minn. 348, 79 N.W.2d 921.

We are persuaded that the latter view is the correct one. The rationale behind the rules relating to service of process must be kept in mind. The rules are designed to limit service to persons who could reasonably be expected to apprise the corporation of service and the pendency of the action. A former official or agent whose connection with and responsibility to a corporation have been severed by dissolution of the corporation does not, in our opinion, satisfy this requirement.

Although § 110, Title 10, supra, does not expressly provide that service may be had upon the directors of the dissolved corporation, nevertheless we are of the opinion that it was so intended by the Legislature. By that section the directors are designated as trustees with specific power to settle the corporation's affairs, collect its debts, sell and convey its property and divide the moneys and other property among the stockholders after paying the corporation's debts. They may act under the by-laws of the corporation, prescribe the terms and conditions of the sale of the corporation's property. They may sue for and recover the debts and property of the dissolved corporation in the corporate name. They are jointly and severally liable to the corporation's creditors and stockholders to the extent of the property which may come into their hands.

■ We hold that in a suit against a dissolved domestic corporation service of process is properly had upon one of the directors-trustees. No such service was had or attempted in this case.

■ The plaintiffs take the position that the affidavit of their attorney shows that none of the directors-trustees were within

the State of Alabama at the time suit was filed and hence it is argued that service by publication was authorized by and perfected in accordance with the provisions of § 205, Title 7, Code 1940.

Assuming without deciding that a compliance with § 205, Title 7, would authorize a personal judgment against a dissolved domestic corporation when all of the directors-trustees are absent from the state, we are of the opinion that service under that section was not properly had in this case for the reason that it is not made to appear from the affidavit that the directors-trustees were absent from the State of Alabama. The statement of the attorney that he did not know the place of residence of the directors is by no means equivalent to an averment that the directors-trustees were absent from the State of Alabama.

We hold that service of process was not properly made in this case and that the trial court erred in overruling the defendant's motion to quash service.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.