282 So.2d 248

**Robert E. LEE**

v.

**WRIGHT TOOL & FORGE COMPANY,**
a corp., et al.

**SC 169.**

Supreme Court of Alabama.

Aug. 30, 1973.

Tipler, Fuller & Barnes, Andalusia, for appellant.

Harold Albritton, Andalusia, for appellees.

FAULKNER, Justice.

This appeal, accompanied by a petition for a writ of mandamus, was taken from a judgment of the Circuit Court of Covington County. An order of the court was entered on April 11, 1972, granting appellee's motion to quash service of process. This is the basis of the sole assignment of error. The case was submitted on brief of appellant and oral argument of appellee.

Appellant Lee filed suit on November 11, 1970, alleging damages for breach of warranty in the manufacture and sale of a wrench adaptor by Wright Tool & Forge Company. The trial court granted the company's motion to quash service of process. The affidavit for service was amend-

ed to allege that the cause of action sued upon accrued as a result of the company's having performed services or transacted business within Alabama. Service was again attempted on the Secretary of State of Alabama pursuant to Title 7, § 199(1), Code of Alabama, 1940, Recompiled 1958. The company filed a second motion to quash service on November 15, 1971. Following an evidentiary hearing on April 11, 1972, the trial court entered an order quashing service. On October 6, 1972, Lee took a voluntary nonsuit, and gave notice of appeal from the court's order quashing service. On February 21, 1973, Lee filed a petition for a writ of mandamus.

We are of the opinion that Lee's appeal from an order granting a motion to quash service of process is without merit. Such an order will not support an appeal. As stated in Ex parte Emerson, 270 Ala. 697, 121 So.2d 914 (1960):

". . . [I]n the instant case the court granted the motion to quash the service. This ruling put the plaintiff out of the jurisdiction of the court. See Ex parte Hartwell, 238 Ala. 62, 188 So. 891. The plaintiff could not plead over and therefore has no remedy under § 242, Title 7, Code of 1940, as held under Ex parte Helveston, supra [267 Ala. 94, 100 So.2d 7, 8]. Furthermore the petitioner could not take a nonsuit from the order with a right of appeal because § 819, Title 7, Code of 1940, applies only to rulings upon pleadings, admissions or rejection of evidence or upon charges to the jury. [Cases cited.]

"Obviously the order granting the motion to quash the service is not such a final judgment in itself as will support an appeal.

"Since the petitioner has no remedy by appeal, she has no adequate remedy at law to review the action of the court granting the motion to quash and therefore the only remedy which she now has is a review by mandamus."

Here, before filing his petition for writ of mandamus, Lee voluntarily took a nonsuit and the mandamus proceeding presented a moot question. If a case has become moot, there is no necessity for a judgment, or no end that the law recognizes sufficient to be accomplished by the judgment sought, and the court will decline to consider the merits and dismiss the case. Ex parte McFry, 219 Ala. 492, 122 So. 641 (1929); Byrd v. Sorrells, 265 Ala. 589, 93 So.2d 146 (1957).

Appeal dismissed; petition for Writ of Mandamus denied.

HEFLIN, C. J., and MERRILL, HARWOOD, and MADDOX, JJ., concur.