No. 52,062

MILTON VOGEL, *et al., Appellees,* v. MISSOURI VALLEY STEEL, INC.,
*Appellant.*

HELEN HARPER PETERSON, *et al., Appellees,* v. MISSOURI VALLEY
STEEL, INC., *Appellant.*

RICHARD B. LILLY, *et al., Appellees,* v. MISSOURI VALLEY STEEL,
INC., *Appellant.*

(625 P.2d 1123)

Opinion filed March 25, 1981.

*Richard F. Hayse,* of Eidson, Lewis, Porter & Haynes, of Topeka, argued the cause and was on the briefs for appellant.

*Dan L. Wulz,* of Jones, Schroer, Rice, Bryan & Lykins, Chartered, of Topeka, argued the cause and was on the brief for appellees, Milton Vogel, *et al.*

*Charles Briscoe,* of Scott, Quinlan & Hecht, of Topeka, argued the cause, and *Robert D. Hecht,* of the same firm, was with him on the brief for appellees, Helen Harper Peterson, *et al.*

*David Hanson,* of Glenn, Cornish, Schulteis & Hanson, Cht'd., of Topeka, argued the cause and was on the brief for appellees, Richard B. Lilly, *et al.*

The opinion of the court was delivered by

HOLMES, J.: Three cases from the Osage County District Court have been consolidated for purposes of this interlocutory appeal by the defendant, Missouri Valley Steel, Inc.

On June 17, 1978, the Whippoorwill Showboat capsized during a storm at Pomona Lake in Osage County. Several people were killed or injured in the tragic occurrence. These lawsuits have been filed by the personal representatives and survivors of three persons who were killed. The three cases now before the court will be referred to as the Vogel, Peterson and Lilly cases. The appeal in a fourth case filed by the widow and children of Charles

A. Griffin, who also died in the tragedy, has been dismissed and is no longer pending in this court.

The facts are not in dispute. The steel hull of the Whippoorwill was manufactured in Leavenworth, Kansas, in May and June of 1965 by Missouri Valley Steel, Inc., a Kansas corporation, and was then delivered to Kansas Steamboat Co., Inc., which incorporated the hull into the finished steamboat.

In 1976, appellant sold all of its assets to third parties and formally dissolved its corporate status on August 13, 1976, by filing a unanimous consent to dissolution with the office of the secretary of state pursuant to K.S.A. 17-6804(c).

The Whippoorwill catastrophe occurred some twenty-two months after the corporate status of Missouri Valley Steel, Inc., was formally dissolved. In the spring and summer of 1979, the three cases now before this court were filed in Osage County. Process in the Vogel case was directed to Missouri Valley Steel, Inc. and was served at Leavenworth, Kansas, on the individual listed as the corporation's resident agent at the date of dissolution, F. C. Bannon. In the Peterson and Lilly cases, service was made on the secretary of F. C. Bannon. In all three cases the process was served prior to August 13, 1979.

Motions by Missouri Valley Steel, Inc. attacking the service of process in all three cases were overruled and the defendant has perfected this interlocutory appeal pursuant to K.S.A. 60-2102(b) and Rule 4.01. The cases were transferred from the Court of Appeals to the Supreme Court as provided in K.S.A. 1980 Supp. 20-3018(c).

Appellant's first point on appeal is that service of process on the former resident agent of a dissolved corporation is insufficient to grant the district court in personam jurisdiction over such dissolved corporation. K.S.A. 60-307(a)(5) provides for publication service on dissolved or dormant corporations but neither the code of civil procedure nor the general corporation code adopted in 1972 specifically provide for personal service of process upon a dissolved corporation.

K.S.A. 60-304(e) provides that service on a corporation or partnership may be made as follows:

"Upon a domestic or foreign corporation . . . . by delivering a copy of the summons and of the petition to an officer, partner or a resident, managing or general agent . . . ."

It is appellant's contention that when Missouri Valley Steel,

Inc., was legally dissolved the agency which had theretofore existed between the corporation and its resident agent, F. C. Bannon, was also dissolved. It is argued that there cannot be an agent without a principal and that when the principal was dissolved the agency of Mr. Bannon terminated, *ipso jure. Jackson v. Hall,* 139 Kan. 832, 32 P.2d 1055 (1934); *Farmer v. Marvin,* 63 Kan. 250, 65 Pac. 221 (1901). We do not agree.

K.S.A. 17-6202 requires that every corporation doing business in this state maintain a resident agent. If, for any reason, the resident agent wishes to resign his position, K.S.A. 17-6205 allows him to do so and to appoint a successor by filing a certificate with the secretary of state. Such a change of resident agents must be ratified by the affected corporation.

The Kansas Corporation Code also provides for the dissolution of a corporation. The procedure to be followed by a corporation wishing to be dissolved is set out in K.S.A. 17-6804 *et seq.*

K.S.A. 17-6807 provides:

*"All corporations, whether they expire by their own limitation or are otherwise dissolved,* including revocation or forfeiture of articles of incorporation pursuant to K.S.A. 1972 Supp. 17-6812 or 17-7510, *shall be continued, nevertheless, for the term of three (3) years from such expiration or dissolution* or for such longer period as the district court in its discretion shall direct, *bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them,* and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any action, suit or proceeding begun by or against the corporation either prior to or within three (3) years after the date of its expiration or dissolution, and for the purpose of such actions, suits or proceedings, the corporation shall be continued a body corporate beyond the three-year period and until any judgments, orders or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the district court." (Emphasis added.)

K.S.A. 17-6808 provides that when a corporation has been dissolved, the district court, upon application of any creditor, stockholder or anyone who shows good cause therefor, may appoint one or more of the directors of the corporation to be trustees or other persons to serve as receivers empowered to do all that is necessary to settle the corporation's unfinished business.

The appellant in this case, Missouri Valley Steel, Inc., employed F. C. Bannon to represent it in this state as its resident agent. On August 13, 1976, appellant filed the proper notice with

the secretary of state that the corporation had been dissolved. Mr. Bannon took no steps to resign as resident agent of Missouri Valley Steel, Inc. and at the time of service of process in these cases appeared of record as the resident agent of the defendant. Appellant contends that the only proper procedure to obtain service upon a dissolved corporation is by appointment of trustees or a receiver under K.S.A. 17-6808.

Service of process upon a dissolved domestic corporation in the absence of express statutory direction is the subject of an annotation in 75 A.L.R.2d 1399 following the reported case of *Railway Fuel Company v. Ackerman,* 269 Ala. 460, 114 So.2d 142 (1959). *Ackerman* was an action against a dissolved domestic corporation where jurisdiction over the defendant was sought by service by publication. When the suit was filed the corporation had been dissolved but was still in existence for the purpose of prosecuting or defending suits. The state statutes did not provide specific directions for service of process on the dissolved corporation so plaintiff's attorneys attempted to obtain service by publication. The Alabama Supreme Court noted that the jurisdictions are split on how service is to be had upon a dissolved corporation where there is no express statutory direction.

"Some courts have held that individuals who, because of their positions, were authorized to receive service on behalf of the corporation at the time of dissolution, continue as individuals to possess such authority in the absence of statutory provisions spelling out how process is to be served. Castle's Adm'r. v. Acrogen Coal Co., 145 Ky. 591, 140 S.W. 1034; Lynchburg Colliery Co. v. Gauley & E. R. Co., 92 W.Va. 144, 114 S.E. 462. See Sisk v. Old Hickory Motor Freight, Inc., 222 N.C. 631, 24 S.E.2d 488; 16 Fletcher Cyclopedia Corporations (Perm. Ed.), § 8146.

"Other courts have taken a contrary position and have held that service should be had on the individuals upon whom the applicable statutes have placed the responsibility of attending to the affairs of the dissolved corporation during the period of time in which it remains in existence for limited purposes. See International Pulp Equipment Co. v. St. Regis Kraft Co., D.C. Del., 54 F.Supp. 745; Kopio's, Inc. v. Bridgeman Creameries, Inc., 248 Minn. 348, 79 N.W.2d 921." *Railway Fuel Company v. Ackerman,* 269 Ala. at 462.

The Alabama Supreme Court adopted the latter view, stating that the rules relating to service of process are designed to limit service to persons who could reasonably be expected to apprise the corporation of service and pendency of the action. Therefore, it was held that service should have been made on the directors of the dissolved corporation since they were designated as trustees

with specific power to settle the corporation's affairs. A former official or agent whose connection with and responsibility to a corporation have been severed by dissolution of the corporation was held, in dicta, not to be the proper party to receive service.

Before the adoption of the new general corporation code in 1972, the statutes provided that upon the dissolution of a corporation, if no receiver was appointed, the last president and directors of the corporation would be trustees for the creditors and stockholders of the corporation, for the purpose of settling the corporation's business and to maintain and defend any judicial proceeding. *Black, Sivalls & Bryson, Inc. v. Connell,* 149 Kan. 118, 120, 86 P.2d 545 (1939). The prior law put Kansas in the same factual position as found in *Ackerman.* The corporation's president and directors who automatically became trustees of the corporation upon dissolution would logically be the proper persons to receive service.

Under K.S.A. 17-6808, however, the district court has the power to appoint one or more of the directors of the dissolved corporation as trustees or any other person to be a receiver to settle the corporation's business affairs after a showing of good cause. It is argued that a creditor or other person with a claim against the corporation cannot know whom to serve with process unless he first petitions the district court to appoint a trustee or receiver.

The Kansas Corporation Code was patterned after the Delaware Corporation Code (see comments following K.S.A. 17-6001 *et seq.*) and therefore, Delaware decisions interpreting its code are considered persuasive in our interpretation of the Kansas code. Treadway, *The Kansas Corporation Code of 1972,* 40 J.B.A.K. 301, 302 (Winter 1971). Accordingly, appellant has cited *International Pulp Equip. Co. v. St. Regis Kraft Co.,* 54 F.Supp. 745, 748-49 (1944), in which the U.S. District Court in Delaware held:

"It is Delaware law that, after a corporation dissolution, absent a statutory provision, the agency relationship between the corporation, as principal, and its local resident agent, as agent, ceases; and the latter is no longer possessed of powers to act for its principal. To allow it to continue the existence of such a relationship pro hac vice is to ignore the rule that corporations exist only by legislative act; so, if it is to have a resident agent for whatever purpose, 'there should be some statutory authority for the prolongation.' The relationship between the corporation and its resident agent is purely contractual. I fail to find in the Delaware law the imposition of a statutory obligation for a resident agent as a condition of a *domestic* corporation doing business, for if there is no resident

agent who can be served the statute has provided that service may be had on the Secretary of State where officers and directors are not present." [Emphasis added.]

Appellant relies heavily upon *International Pulp* as authority that service upon Mr. Bannon was ineffective. However, it should be pointed out that while the Kansas Corporation Code was based upon the Delaware code our legislature chose to require the appointment of a resident agent and did not include the provision for service upon the secretary of state except in limited circumstances which do not apply here. See K.S.A. 1980 Supp. 17-6206(*d*).

It is appellees' contention that Mr. Bannon, as the last registered resident agent of appellant was the proper person to be served. They further contend that since Mr. Bannon never formally resigned his position as resident agent, pursuant to K.S.A. 17-6205, he remained the resident agent of the corporation. It is also argued that as the corporate status continues under K.S.A. 17-6807 for three years after dissolution for certain specified purposes, the principal still exists and therefore the agency relationship with the resident agent has not been terminated. This was the conclusion reached by the trial court in its memorandum decision of January 2, 1980:

"2. To exist as a body corporate for three years after dissolution, the corporation is bound by the statutes [by which] it was created. It is elementary that a corporation, being a creature of statute, is bound by the provisions of the statute under which it was created. *Wilson v. Kansas Children's Home,* 159 Kan. 325, 329 [154 P.2d 137 (1944)]. K.S.A. 17-6202 requires every corporation shall have a resident agent. The resident agent is not severed upon the dissolution of a corporation."

In 19 C.J.S., Corporations § 1776, pp. 1567-68, we find:

"Where an action or suit may be brought or maintained against a corporation after its dissolution, process may be served on the same persons on whom process might have been served before dissolution, or on such persons as the statute may designate, as, for example, the last known or acting officers of the corporation, the last acting board of directors, the trustees or persons in charge of its assets, or the registered agent of the corporation . . . ."

    . . . . .

"Service on former officers or agents of a dissolved corporation will not avail where after dissolution such officers are not authorized to appear or defend for it, or where the corporate existence has not been continued or revived after dissolution."

Although opposite to the view adopted by the Federal District Court in *International Pulp,* we conclude the rule adopted by the

trial court is the better rule and the one which applies under our statutes. K.S.A. 17-6807 specifically provides that a dissolved corporation "shall be continued, nevertheless, for a term of three (3) years from such expiration or dissolution . . . for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them . . . ." While the statute places limitations upon the activities of the corporation during such period, it clearly contemplates that the corporate status continues. Under such circumstances, so long as the principal continued in existence, Mr. Bannon continued as its resident agent. We hold that service upon Mr. Bannon during the three-year-period contemplated by the statute constituted valid service upon the defendant, Missouri Valley Steel, Inc. (For a discussion of the effect of service under K.S.A. 17-6807 after three [3] years have expired from the date of dissolution, see *Patterson v. Missouri Valley Steel, Inc.,* 229 Kan. 481, 625 P.2d 483 [1981].) We do not mean to imply that service upon the resident agent is exclusive and do not here determine the validity of alternative means of service or procedure which might be attempted against a dissolved corporation. The judgment in the Vogel case is affirmed.

We now turn to the Peterson and Lilly cases where service of process was made upon the secretary of Mr. Bannon at his law office. Appellant contends such service was ineffective and relies upon our decisions in *Bray v. Bayles,* 228 Kan. 481, 618 P.2d 807 (1980); *Haley v. Hershberger,* 207 Kan. 459, 485 P.2d 1321 (1971); *Thompson-Kilgariff General Insurance Agency, Inc. v. Haskell,* 206 Kan. 465, 479 P.2d 900 (1971); and *Briscoe v. Getto,* 204 Kan. 254, 462 P.2d 127 (1969). The cases relied upon by defendant are not in point as the attempted service in each instance was for an individual defendant and not a corporate defendant. Some additional facts should be stated at this point. All three of these cases, along with others, were originally filed in Shawnee County District Court. Service in the cases was obtained upon the resident agent, Mr. Bannon. The defendant promptly appeared by counsel and, over the objections of the plaintiffs, obtained dismissal of the cases on the theory of *forum non conveniens,* knowing the cases would be refiled. The cases were promptly refiled in Osage County and process once again issued to Mr. Bannon as resident agent. The record contains an affidavit by the deputy sheriff of

Leavenworth County stating he was personally acquainted with Mr. Bannon, that he had previously discussed with him the service of process directed to Mr. Bannon and had been advised to serve any such process on Mr. Bannon's secretary at the Bannon law office. Counter affidavits were filed by the defendant.

The trial judge specifically found in his memorandum decision of January 28, 1980:

"1. That service of process on the defendant, Missouri Valley Steel, Inc. in the Lilly case (No. 79-C-188) and the Peterson case (No. 79-C-112) was made upon the resident agent by serving his secretary and that such service was not contested or specifically raised in said defendant's Motion to Dismiss."

"2. There was substantial compliance in such service of process and Missouri Valley Steel, Inc. has not shown any prejudice by the particular means of service. (*Chee-Craw Teachers Association v. U.S.D. No. 247,* 225 Kan. 561, 563 [1979])."

K.S.A. 60-204 provides:

"The methods of serving process as set forth in article 3 of this chapter shall constitute sufficient service of process in all civil actions and special proceedings, but they shall be alternative to, and not in restriction of different methods specifically provided by law. In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected."

See also *Chee-Craw Teachers Ass'n v. U.S.D. No. 247,* 225 Kan. 561, 593 P.2d 406 (1979).

In its motion attacking the service of process in the Peterson and Lilly cases, the defendant/appellant specifically stated:

"Service in this case was had upon the person listed as the corporation's resident agent at the time of its dissolution, Mr. F. C. Bannon."

It is also obvious from the record that the defendant, after obtaining dismissal of the Shawnee County cases, knew they would be refiled in Osage County. The cases were refiled and even though service was made upon Mr. Bannon's secretary the defendant again promptly appeared in Osage County to defend the new actions. Defendant had actual knowledge of the Osage County cases and has shown no prejudice as a result of the alleged irregularity in service.

Regardless of what might be the merits of the defendant's arguments under a different factual situation, it is clear that the defendant did not raise the issue of service upon Mr. Bannon's secretary in the motion filed with the trial court (K.S.A. 60-212[b]

and [*h*][1]) and under the unusual circumstances of these cases, we find there has been substantial compliance with the requirements for service of process as contemplated by K.S.A. 60-204.

The judgment is affirmed as to all three cases and they are remanded for further proceedings.