Edna GLAZER, Appellant,

v.

MOTOR PARTS REBUILDERS, INC.
and Jacob Chopp, Respondent.

No. WD 47349.

Missouri Court of Appeals,
Western District.

Oct. 19, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 30, 1993.

David P. Hargrave, Kansas City, for appellant.

Lloyd S. Hellman, Kansas City, for respondents.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

HANNA, Judge.

This appeal arises from a motion to dismiss for lack of standing to sue and lack of capacity to sue which was sustained by the Circuit Court of Jackson County, Missouri, on November 25, 1992.

The suit involved three negotiable instruments, two promissory notes and one check, which were never paid. On November 2, 1983, defendant Motor Parts Rebuilders, Inc. (Motor Parts), a Missouri corporation, executed a promissory note, which was personally guaranteed by defendant Jacob Chopp, in the amount of $33,437, plus interest at 6% per annum. The note was payable to Armourdale Auto Parts, Inc. (Armourdale), a Kansas Corporation. On March 15, 1984, Motor Parts executed a check payable to Armourdale which was drawn on United Missouri Bank of Kansas City, Missouri, in the amount of $32,250. On May 3, 1984, Motor Parts issued a second promissory note in the amount of $63,747, plus interest at 10% per annum. This note was also payable to Armourdale.

On May 15, 1986, Armourdale voluntarily filed a Certificate of Dissolution with the Kansas Secretary of State. At the time of dissolution, the notes and the check remained unpaid and were not assigned, endorsed or transferred to the plaintiff, Edna Glazer, who was the sole surviving shareholder of Armourdale.

On September 10, 1992, plaintiff applied in the District Court of Kansas to have herself appointed as trustee of Armourdale pursuant to Kan.Stat.Ann. 17–6808 (1988) for the purpose of assigning and transferring the unpaid notes and check to herself as sole shareholder. The Kansas court appointed her trustee for that purpose and plaintiff assigned the notes to herself on behalf of Armourdale. Thereafter, the Kansas court terminated the trusteeship by order of October 14, 1992. Plaintiff then filed suit in Missouri for collection on the three instruments. The trial court sustained defendants motion to dismiss with prejudice on the grounds of lack of standing and capacity to sue. This appeal follows.

In her sole point on appeal, plaintiff claims that the suit should not have been dismissed because she did have standing and capacity to sue as holder of the instruments since her appointment as trustee was pursuant to Kansas law and was not untimely. The defendants argue that the trial court was correct because under Kansas law, such an appointment is valid only if made within three years after the dissolution of the corporation. Since a dissolved corporation has only three years after dissolution to prosecute suits and wind up its affairs, the argument continues, the plaintiff received nothing from the corporation and so has no standing or capacity to sue.

The parties all agree as to the facts of this case for purposes of this appeal. The only question is whether the trial court correctly interpreted the Kansas corporation statutes. The construction of a statute is a matter of law, not a matter of discretion. *Bradley v. Mullenix*, 763 S.W.2d 272, 275 (Mo.App. 1988). Therefore, on appellate review we make an independent evaluation of the trial courts conclusions and will reverse if the court erroneously declared the law. Id.

The Kansas statutes in question are Kan. Stat.Ann. 17–6807 & –6808 (1988). Section 17–6807 states that a corporation which has been dissolved shall be continued for the term of three years after dissolution or for such extended period as directed by the district court for the purpose of prosecuting and defending suits. It also provides that with respect to suits initiated during that three-year period, the corporate existence will continue automatically until the resolution of the suit.

Section 17–6808 says that a district court may at any time appoint a trustee or receiver to act on behalf of the dissolved corporation. The appointed representative has the authority to take charge of the corporations property, collect debts owing to the corporation, prosecute and defend suits in the name of the corporation, and do all other acts which are necessary for final settlement of the corporations unfinished business.

The defendants argue that a three-year time limit should be read into 17–6808. They claim that because plaintiffs appointment as

trustee did not occur until six years after dissolution, the appointment was invalid. Therefore, the transfer and endorsement of the uncollected instruments were also invalid. Since plaintiff is not a holder of the two notes or the check, she lacks standing to sue.

We do not agree that the Kansas Supreme Court would interpret 17–6808 to include a three-year time restriction. In *Patterson v. Missouri Valley Steel, Inc.*, 229 Kan. 481, 625 P.2d 483 (1981), the court analyzed 17–6807 and –6808 in order to determine whether a wrongful death action filed against the defendant corporation three years and two weeks after dissolution could be maintained. Since the court had not previously addressed the issues involved, they looked at cases interpreting Delaware corporation law for guidance.[1]

The Patterson court quoted with approval certain portions of *Smith–Johnson Steamship Corp. v. United States*, 231 F.Supp. 184 (D.Del.1964), which interpreted the corresponding Delaware statutes.[2] In that case, the district court held:

While 278 represents a legislative policy declaring that all suits by or against dissolved corporations must be commenced within three years after dissolution, it is not, in itself, a statute of limitations. This clearly appears from the ensuing 279 authorizing the Court of Chancery at any time, either before or after the corporations affairs have been wound up, to appoint a receiver to prosecute or defend suits by or on behalf of the corporation.

Id. at 186. [Emphasis added.] This holding does not require that the appointment occur before the passage of the three-year period provided for in 278.

The Patterson court also cited *Johnson v. Helicopter & Airplane Servs. Corp.*, 404 F.Supp. 726 (D.Md.1975) in which the district court interpreted the relevant Delaware statutes. That court held that the continued existence of the corporation is strictly limited

under Delaware law to a few specific situations. One of those situations occurs when the court appoints a receiver or trustee to conduct the business of the corporation under 279. Id. at 732. The court stated that [279] expressly provides that the appointment of a receiver or trustee continues or revives the corporations capacity to sue or be sued. Id. [Emphasis added.] The phrase or revives indicates that this appointment may occur even after the corporations civil death dictated by 278.

The court in Patterson decided that the rationale of the Johnson case should be followed in the state of Kansas. *Patterson*, 625 P.2d at 490. The court held:

(1) A Kansas corporation may sue or be sued during the three-year wind-up period immediately following its dissolution, whether voluntary or involuntary.

(2) A district court may extend the wind-up period and thus extend the time during which a dissolved Kansas corporation may sue or be sued only if application for such extension is made prior to the end of the three-year period.

(3) A dissolved Kansas corporation may sue or be sued during the period of time that a trustee or receiver for the corporation is appointed and acting pursuant to K.S.A. 17–6808.

(4) Absent a court-ordered extension or the appointment of a trustee or receiver, a Kansas corporation which has been dissolved, either voluntarily or involuntarily, may not sue or be sued after the three-year period has ended.

Id. at 491 [Emphasis added.] While the court specifically required in (2) that the application for extension be made within the three-year period, it included no such requirement in (3) with respect to the appointment of a trustee. The holding in Patterson, when considered along with the plain language of 17–6808, which says that a trustee may be appointed at any time, leads us to

---

1. The Kansas Corporation Code was patterned after the Delaware Code.

   Therefore, decisions interpreting the Delaware Code are considered persuasive in interpreting the provisions of the Kansas Code. *Vogel v.*

*Missouri Valley Steel, Inc.*, 229 Kan. 492, 625 P.2d 1123, 1126 (1981).

2. Del.Code Ann. tit. 8, 278 corresponds with Kansas 17–6807, while Del.Code Ann. tit. 8, 279 is identical to 17–6808.

believe that the Kansas Supreme Court would not interpret 17–6808 as including an implied three-year limitation.[3] We therefore hold that the trial court erred in its interpretation of 17–6808. The plaintiff has the standing and capacity to sue on the instruments.

The defendants also raise the argument that the statute of limitations on the instruments has run. They summarily conclude that the Kansas five-year statute applies in this case. See Kan.Stat.Ann. 60–511 (1983). However, they provided no factual basis to support their conclusion that Kansas law should apply. Therefore, this point is denied.

Judgment reversed and the cause remanded for further proceedings.

All concur.

---

**3.** Such a reading is supported by the rationale that the Kansas corporate survival statutes prevent the abatement of a dissolved corporations rights and are remedial in nature. As such, they should be liberally construed. See *First Am. Inv. Group, Inc. v. Henry*, 11 Kan.App.2d 671, 732 P.2d 792, 795 (1987).