190 So. 278

**HOWARD v. STATE ex rel. ANDREWS, Solicitor.**

**4 Div. 93.**

Supreme Court of Alabama.

June 22, 1939.

J. W. Brassell, of Phenix City, for appellant.

Thomas S. Lawson, Atty. Gen., for appellee.

BROWN, Justice.

The bill is by the State, filed on the relation of the Solicitor of the Third Judicial Circuit, against Beechie Howard, alias Beechie Parr, and seeks a perpetual injunction, "enjoining and restraining the respondent Beechie Howard alias Beechie Parr from operating said place [the place described in the bill] and more specifically from violating the laws of the State of Alabama."

On final hearing the court entered a decree adjudging:

"That the State of Alabama is entitled to the relief that it seeks in its bill and that the place as described, as follows:

"Beginning at the northeast corner of the intersection of Brigman Street and 11th Avenue and running thence in a northerly direction along the East margin of 11th Avenue a distance of 167 feet, more or less, thence in an easterly direction 150 feet, more or less, thence in a southerly direction 170 feet, to the north Margin of Brigman Street; thence in a westerly direction along the north margin of Brigman Street a distance of 151 feet to the point of beginning—and the adjacent premises used in connection therewith and known as the 'honky tonk' constitute and are hereby declared to be a public nuisance and are abated as such.

"It is further ordered, adjudged and decreed that the operator and owner of the place and premises and those who control the premises be and they are hereby forever and perpetually enjoined *from allowing any kind of indecent, disorderly, immoral or improper conduct in said place or on said premises; that the operator of said place is hereby enjoined from keeping said place open later than 11 o'clock each night*

*of the week, and all dancing is expressly forbidden on Sundays, and the operaton and this respondent are enjoined from opening said place at all for business on Sunday or allowing any kind of music or dancing at said place between the hours of 11 o'clock on Saturday night and 8 o'clock on the following Monday.*

"It is further ordered, adjudged and decreed that the operator of said place and this respondent *be and they are hereby expressly forbidden and enjoined from selling drinks of any description or character in said place during the Sabbath or after the hours of 11 P. M. during the week.*

"It is further ordered, adjudged and decreed that the occupants, owners and those who are in charge of said place and premises are hereby enjoined from allowing gambling in any shape or form in any part of said place or on said premises."

The bill purports on its face to be filed "under the authority of the laws of the State of Alabama, and the statutes thereof as found under Chapter 325, Article 1 and 2, providing for the abatement of nuisances, Code of Alabama, 1923."

The defendant demurred to the bill on the ground "that there is no equity in the bill," and that each of the paragraphs or sections of the bill "is but a conclusion of the pleader." The demurrer was overruled, and this ruling constitutes the basis for the first assignment of error.

As a bill to enjoin a public nuisance within the definition of § 9271 of the Code, Chapter 325, Article 1, which is merely declaratory of the common law, the bill is without equity. Such bill can only be entertained when it is filed by the State on relation of the Attorney General, or by a private individual in his own name who suffers special injury or damage different in kind from that suffered by the public generally. Code 1923, § 9274; State ex rel. Almon et al. v. Burke, Judge, 160 Ala. 163, 48 So. 1035; Alabama Western R. R. Co. v. State ex rel. Attorney General, 155 Ala. 491, 46 So. 468, 19 L. R.A.,N.S., 1173, 16 Ann.Cas. 485; State ex rel. Chilton County v. Butler, State Tax Com'r, 225 Ala. 191, 142 So. 531; Hanna et al. v. Harman, 230 Ala. 620, 162 So. 109; First Avenue Coal & Lumber Co. v. Johnson, 171 Ala. 470, 54 So. 598, 32 L. R.A.,N.S., 522.

The proceedings to abate nuisances provided for in Article 2, Chapter 325, §§ 9280-9298, are limited to nuisances as defined by said § 9280, as follows: "For the purpose of this article, the terms place, person, nuisance are defined as follows: Place shall include any building, erection, or place or any separate part or portion thereof or the ground itself; person shall include any individual, corporation, association, partnership, trustee, lessee, agent or assignee; nuisance shall mean any place as above defined in or *upon which lewdness, assignation, or prostitution is conducted, permitted, continued, or exists,* and the personal property and contents used in conducting or maintaining any such place for any such purpose." [Italics supplied.]

The averments of the bill do not bring the case within said Article 2, Chapter 325 of the Code. Ridge v. State ex rel. Tate, 206 Ala. 349, 89 So. 742; Brown v. State ex rel. Wright, Solicitor, 222 Ala. 623, 133 So. 913.

We are of opinion, however, that the averments of paragraph five of the bill that: "Complainant is informed and believes and upon such information and belief alleges the facts to be that gambling is permitted and carried on in said place of business under the direction of and with the full knowledge and consent of the respondent in open, bold and flagrant violation of the laws of the State of Alabama; that illegal gambling devices are kept and set up in said place by or with the full knowledge and consent of the respondent, and that said gambling equipment is kept or set up in said place of business for the use of the general public," are sufficient to bring the case within the influence of Article 4 of Chapter 147, of the Code, §§ 4281–4290, and to give the bill equity. State ex rel. Bailes, Solicitor v. Guardian Realty Co. et al., 237 Ala. 201, 186 So. 168.

The bill is not subject to the objection that it is without equity, and the other grounds are not sufficiently specific. Code 1923, § 6553. The demurrer was therefore properly overruled.

The final decree recites that the cause was submitted on "the testimony as noted by the register," and the only testimony noted was defendant's testimony. The State's testimony was not noted, as required by Rule of Practice 75. The defendant's testimony does not sustain but refutes the averments of paragraph five of the bill. The burden of proof is on the State, and it has not carried that burden

by the "testimony as noted by the register" and the decree must be reversed. Johnston v. Johnston, 229 Ala. 592, 158 So. 528; Carson v. Sleigh, 201 Ala. 373, 78 So. 229; Jones v. Moore, 215 Ala. 579, 112 So. 207; Lunday et al. v. Jones et al., 204 Ala. 326, 85 So. 411; Conner v. State ex rel. Perry, Deputy, Solicitor, 211 Ala. 325, 100 So. 474.

█ Inasmuch as the decree must be reversed, we deem it proper to observe that so much of the decree as is italicized exceeds the scope and purpose of the statute and the bill. Such decree should be limited to the abatement of the nuisance as defined by § 4281 of the Code, unless the bill is amended to include others. State ex rel. Bailes, Solicitor v. Guardian Realty Co. et al., supra, may be looked to for the extent and form of a proper decree.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.