191 So. 616

### SAVAGE et al. v. BURKS et al.

### 7 Div. 561.

Supreme Court of Alabama.

Oct. 5, 1939.

Rehearing Denied Nov. 2, 1939.

Irby A. Keener, of Centre, for appellants.

Savage & Savage, of Centre, for appellees.

## BROWN, Justice.

The decree from which the appeal is prosecuted recites that: "This cause was submitted by agreement of parties for final decree on the pleadings and proof as noted by the Register," and dismissed the bill because the court was "of the opinion that there is no equity in Complainants' Bill."

The bill was filed by the complainants, one as trustee named in a deed of trust executed by the defendants Joe and Millie Burks, to secure an indebtedness alleged to be due to J. R. Lowe & Co., and the other as the administrator of Sherman Jackson, deceased, who it is alleged became the owner of said indebtedness and the deed of trust, to foreclose the same. The paper attached to the bill, whether the original or a mere copy does not clearly appear, provides: "That if the said debt, or any part of the same, shall remain due and unpaid at the maturity thereof, then, at the option of the said J. R. Lowe & Co., or their heirs, assigns, the whole of said debt shall become due, and whenever the said J. R. Lowe & Co. their agent or attorney, shall require the said J. H. Savage, Trustee as aforesaid, in writing, to execute the trust herein reposed in him, he, the said J. H. Savage, Trustee as aforesaid, shall immediately on such requisition being made, take possession of said property, which possession the said party of the first part agrees to surrender to the said Trustee when the same shall be demanded, and sell the same at public outcry to the highest bidder, for cash," &c.

The bill alleged among other things that on December 11, 1923, there was "a balance of $192.50 due on said note to the said J. R. Lowe & Co., and that on said day and date the said J. R. Lowe & Co., *sold and transferred said Deed of Trust and the note secured thereby to King Baker,*" and that Baker assigned same to said Sherman Jackson. (Italics supplied.)

The assignment by J. R. Lowe & Co. alleged in the bill was essential to the right of the complainants to maintain the bill. The evidence shows that the transaction in respect to the negotiations for the assignment to King was with one C. B. Sims, who signed the name of said J. R. Lowe & Co., "By C. B. Sims, Attorney." Whether he acted as attorney at law or attorney in fact does not appear, nor is it shown that he had authority to act for said J. R. Lowe & Co.

Therefore the complainants have failed to meet and carry the burden imposed on them by the averments of the bill. Howard v. State ex rel. Andrews, Solicitor, ante, p. 185, 190 So. 278.

As before stated, it is not clear whether the original or a mere copy of the deed of trust and the transfer therein were attached, and while some of the witnesses were examined in respect to the original, their testimony does not identify the paper attached to the bill as the document referred to.

We are therefore at the conclusion that the decree dismissing the bill is free from reversible error.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.