95 So.2d 269

**Ex parte Earl LITTLE et al.**

**8 Div. 899.**

Supreme Court of Alabama.

May 9, 1957.

162

Thos. C. Pettus, Moulton, and Russell W. Lynne, Decatur, for respondent.

Guin & Guin, Russellville, for petitioners.

LAWSON, Justice.

This is an original petition filed in this court for writ of mandamus to be directed to the Honorable S. A. Lynne as Judge of the Circuit Court of Lawrence County, in Equity.

The case made by the petition and the exhibits thereto is substantially as follows:

On March 6, 1950, Arthur McCollum and others filed their bill in the circuit court of Lawrence County, in equity, against Fannie Little, wherein it was alleged that the complainants and the respondent were all of the heirs at law of one Joe McCollum who died intestate on or about January 4, 1950. The bill prayed that a deed from Joe McCollum to the respondent, Fannie Little, bearing date of February 5, 1947, be cancelled and held for naught on the ground that the said Joe McCollum was a non compos mentis on February 5, 1947. The bill further prayed that the lands described in the deed be sold for division of proceeds among the complainants and the respondent as the only heirs at law of the said Joe McCollum, deceased.

The respondent answered the bill and later made her amended answer a cross bill. The respondent, Fannie Little, died intestate on or about December 18, 1954, after a considerable amount of testimony which had been taken orally before the trial court had been transcribed and filed by the official court reporter, but before a final decree was rendered and apparently prior to the completion of the taking of testimony.

On June 14, 1956, the complainants filed in the circuit court of Lawrence County, in equity, a pleading, the caption and opening paragraph of which, in pertinent parts, read as follows:

"Arthur McCollum, et als., Complainants    Circuit Court

VS.    Lawrence County

Fannie Little, Defendant    In Equity

"Come now complainants in the above entitled cause and amend their bill of complaint in said cause by striking the respondent Fannie Little as a party defendant in said cause because since the institution of this cause the said Fannie Little has died intestate on, to-wit: December 28 [sic], 1954, and left surviving her the following who are made parties defendant hereto and are substituted as parties defendant as being the legal heirs of the said Fannie Little, who are as follows:" etc."

In most other respects the pleading last referred to above is in the form of an original bill filed against the heirs at law of the said Fannie Little, deceased, wherein the same relief is sought as was prayed for in the bill against Fannie Little filed on March 6, 1950.

On or about September 22, 1956, Earl Little and James Little, two of the so-called substituted defendants, appeared specially in the cause styled Arthur McCollum, et als., v. Fannie Little, and filed a motion to dismiss and abate that cause on the ground: "That the defendant named in the original bill, Fannie Little, died intestate on or about December 18, 1954, that no motion to revive the cause was filed in this court within 12 months from the date of her death, that no order of revival was made by this honorable court within said period of 12 months following her death,

and that in fact no order of revival has been made to this date, and that any revival of said action is therefore barred by limitations pursuant to the provisions of Code of 1940, Title 7, Section 153(1)."

The above-mentioned motion to dismiss and abate the cause styled Arthur McCollum, et als., vs. Fannie Little, was overruled and denied on October 25, 1956.

Thereafter, on or about November 5, 1956, Earl Little and James Little, again appeared specially and filed pleas in abatement in the cause styled Arthur McCollum, et als., v. Fannie Little.

The averments of the pleas in abatement were substantially the same as those of the motion to dismiss and abate and hence need not be repeated. In a decree rendered on December 18, 1956, the trial court held the pleas in abatement insufficient. This decree followed a motion filed by Earl and James Little to have the cause set down for hearing to test the sufficiency of the pleas in abatement. Equity Rule 16, Code 1940, Tit. 7 Appendix.

The petition for mandamus was filed in this court on January 28, 1957. On February 4, 1957, an order was entered as follows: "Rule nisi granted as prayed returnable to the call of the 2nd Div." There was immediately issued out of this court an order commanding the respondent judge to make and enter an order setting aside and vacating his order or decree denying and overruling petitioner's motion to dismiss and his order or decree holding petitioner's plea in abatement insufficient and to enter an order and decree dismissing that certain cause styled Arthur McCollum et als., Complainants, vs. Fannie Little, Defendant, or to show cause before this court why the peremptory writ of mandamus should not issue.

Thereafter on March 20, 1957, Judge Lynne filed in this court his demurrer to the petition for mandamus and his answer or return to the alternative writ. The cause was submitted here without argument, on briefs, on March 22, 1957.

It is settled that the sufficiency of a petition for writ of mandamus may be tested by appropriate demurrer. Ex parte Carroll, 263 Ala. 212, 82 So.2d 190; Ex parte Alphonse, 261 Ala. 177, 73 So.2d 727; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Ex parte Hennies, 33 Ala.App. 229, 34 So.2d 17.

Grounds 1 and 2 of the demurrer filed here on behalf of Judge Lynne are respectively as follows:

"1: The facts disclosed by petition show that petitioners have an adequate remedy by appeal.

"2: Petitioners seek to review a ruling on a plea in abatement by mandamus."

No appeal can be taken from a decree overruling or sustaining the sufficiency of a plea. §§ 754, 755, Title 7, Code 1940; Dorrough v. McKee, 264 Ala. 663, 666, 89 So.2d 77, 79, and cases cited. Nor will an appeal lie from an order or decree overruling a motion to dismiss. Mabry v. Dickens, 31 Ala. 243.

Such rulings are subject to review on appeal from a final decree and hence we do not ordinarily entertain a petition or motion for mandamus to review. Dorrough v. McKee, supra. See Ex parte Carroll, supra. In Dorrough v. McKee, supra, we entertained the petition for mandamus to review the ruling of the trial court upholding the sufficiency of a plea in abatement because there was no relief by appeal since the decree dismissing the complainant's bill was not in such form as to support an appeal.

There are exceptions to the general rule to the effect that we will not review such interlocutory decrees by mandamus, some of which are referred to in Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432. In the instant case it does not appear that the matter complained of comes within any of the established exceptions to the general rule. It is not necessary to a decision of

this case that we attempt to reconcile seeming inconsistencies arising out of the prior exercise of the court's discretion or that we seek to arrive at a more definitive standard concerning the circumstances under which an exception may be made to the general rule. Cf. Thomas v. State, 241 Ala. 381, 2 So.2d 772. It is sufficient to adhere to our holding in Ex parte Brooks, 264 Ala. 674, 89 So.2d 100, to the effect that expense and inconvenience do not work an exception to the general rule. As heretofore shown, the petitioners by answering the so-called amended bill will not waive their right to assign as error on appeal from a final decree the action of the trial court in regard to the so-called motion to dismiss and in regard to the pleas in abatement. Dorrough v. McKee, supra.

We conclude that the demurrer to the petition for mandamus is well taken and should be sustained; that the alternative writ issued by this court on February 4, 1957, should be withdrawn and held for naught; and that the prayer for the peremptory writ should be denied.

Although we are of the opinion that mandamus should not issue in this case, we feel that it would be well to express our views concerning the time within which an order of substitution must be made in equity cases.

We have interpreted Equity Rule 35 and the provisions of Act No. 708, approved October 9, 1947, General Acts 1947, p. 543 (1955 Cum. Pocket Part, Vol. 2, Code 1940, p. 34, where the compiler and publisher of the Pocket Part refers to the provisions of the 1947 Act as § 153 [1], Title 7), as mandatory to require the order of substitution to be made within twelve months after the death of a party unless the party sought to be substituted makes such order unnecessary. Webster v. Talley, 251 Ala. 336, 37 So.2d 190; Osbourn v. LoBue, 256 Ala. 121, 53 So.2d 610; Vaughan v. Vaughan, 258 Ala. 336, 62 So.2d 466. So, assuming solely for the purpose of discussion that the 1947 Act,

supra, is unconstitutional as argued, the order of substitution would have to be made within twelve months under Equity Rule 35, unless there has been a waiver.

There are some apparent inconsistencies in our cases as to whether the 1947 Act, supra, was intended and has the effect of superseding the provisions of Equity Rule 35. The writer is not inclined to the view that the said act was intended to supersede the rule, being of the opinion that the two were intended to be considered together, the rule dealing with revival and the act dealing primarily with the survival of causes of action. The writer entertains the opinion that the 1947 Act, supra, was adopted to meet the decision of this court in Land v. Cooper, 244 Ala. 141, 12 So.2d 410; Id., 247 Ala. 397, 24 So.2d 436, and similar holdings. However, the other participating Justices see no occasion to try to reconcile the apparent inconsistencies in this opinion. Compare Sawyer v. Nettles, 263 Ala. 220, 82 So.2d 220, and Glass v. Cook, 257 Ala. 141, 57 So.2d 505, with Webster v. Talley, supra; Osbourn v. LoBue, supra; Mutual Service Funeral Homes v. Fehler, 257 Ala. 354, 58 So.2d 770; Vaughan v. Vaughan, supra. However, we would like to observe that in Vaughan v. Vaughan, supra, we incorrectly referred to the 1947 Act, supra, as being amendatory of § 153, Title 7, Code 1940, which is not the case.

We realize that we have made observations that are unnecessary to the disposition of this proceeding. However, because the record discloses that the learned trial judge entertains views which are at variance with our own, we have felt constrained to observe that in our opinion an order of substitution must be entered within twelve months after the death of a party unless there has been a waiver.

Demurrer to petition for mandamus sustained; the alternative writ is withdrawn and the peremptory writ is denied.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.