104 So.2d 302

## Willie Gay MARTIN

### v.

### Richard MARTIN, as Executor, etc.

### 2 Div. 385.

Supreme Court of Alabama.

March 6, 1958.

Rehearing Denied June 5, 1958.

Further Rehearing Denied June 19, 1958.

**602**

Withers & Kerr and S. W. H. Williams, Jr., Greensboro, for appellant.

O. S. Burke and G. E. Sledge, Greensboro, for appellee.

MERRILL, Justice.

This cause is here on appeal from a decree overruling appellant's demurrer to appellee's amended bill, and on petition for a writ of mandamus seeking to have vacated an order holding insufficient a special plea of res judicata to the bill as amended.

Appellee filed his bill for a final settlement of the estate of M. T. Martin, deceased, of which appellee is executor. The bill also sought to charge appellant, the widow of the decedent and a beneficiary under his will, accountable for the proceeds of two checks which had been paid to her from the bank account of decedent during his lifetime.

Appellant filed a plea of res judicata and a demurrer to the aspect of the bill seeking to hold her accountable for the proceeds of the checks under Tit. 61, § 360, Code 1940, by averring that neither of these checks had been executed by the testator. In her plea of res judicata, appellant averred that the subject matter sought now to be litigated in the circuit court in paragraph nine of the

petition had already been judicially determined in a prior proceeding in the Probate Court of Hale County, in which appellant, as guardian of appellee's testator, had accounted fully to appellee as executor of the estate of appellant's ward for appellant's final liability to the estate of her ward, appellee's testator. Said plea of res judicata was submitted to the circuit court on appellant's motion to test the sufficiency thereof and, at the hearing thereon, the court entered a decree holding the plea to be a bar to that aspect of the bill of complaint as set out in paragraph nine thereof.

Appellee thereupon amended his petition by making additional averments in paragraph nine thereof by which he also sought to bring that aspect of the petition under the provisions of §§ 145 and 147, Tit. 13, Code 1940, and under the general principles of equity, to have the circuit court correct or amend the said decree of the Probate Court of Hale County.

The amendment to paragraph nine and the prayer in conformity therewith constitutes the amended bill as a bill of review, seeking to correct the asserted error in the decree of the probate court. In substance, amended paragraph nine avers that the appellant was the wife of decedent; that the alleged checks dated September 9, 1955, were supposedly given her by decedent, her husband, three months prior to her appointment as his guardian December 10, 1955; that decedent died December 23, 1955, and complainant (appellee) was appointed executor under his will on December 31, 1955, and on February 3, 1956, appellant made final settlement of her guardianship in the probate court, but upon said accounting, she did not charge herself with the proceeds of the checks received by her nor does her accounting, made Exhibit "E" to the amendments, refer to the checks. On said final settlement, appellant testified in probate court on cross-examination that the checks had been given her by her husband during his lifetime as gifts to her and the checks had been signed by decedent.

The amendment further avers that the probate court erred in discharging appellant as guardian without holding her accountable for the proceeds of the checks, and that after the guardian's settlement of February 3, 1956, complainant for the first time obtained possession of the $15,000 paid check and, upon having it examined by a handwriting expert, was advised that the check was not signed by decedent; subsequent to the settlement of February 3, 1956, complainant saw for the first time the $5,561.78 cancelled check and learned that it too was not genuine and complainant now avers that neither purported check is the check, instrument or order for the payment of money of his testator. The complainant set forth in his amendment the testimony of appellant given in the probate court stating said checks were signed by her husband and alleged the error of the probate court in not charging her with the proceeds of the same was thus induced by the appellant, to the injury of complainant; that complainant admits that he had notice that prior to the probate court settlement, appellant had been paid a $15,000 check on the testator, but had no notice that the checks were not genuine, and since the transaction was between husband and wife, he was not thereby charged with notice of facts to put him on inquiry that the checks were not genuine.

Appellant refiled her demurrer and her plea of res judicata. The demurrer to the bill as amended was overruled and when the plea was set down to test its sufficiency, it was held insufficient.

In the excellent brief filed on behalf of appellant, four grounds for relief are argued: (1) that paragraph nine, as amended, shows on its face that the aspect of the bill seeking to charge appellant with $20,561.78 is res judicata; (2) that aspect cannot entitle appellee to a bill of review under the statute or general principles of equity to open or amend the final decree of the probate court passing the guardian's settlement; (3) that aspect is not stated with

the certainty and particularity required in pleading such matters, and (4) that mandamus should be awarded to correct the ruling of the court that the plea of res judicata was insufficient.

Title 13, § 145, provides:

"When any error of law or fact has occurred in the settlement of any estate of a decedent, to the injury of any party, without any fault or neglect on his part, such party may correct such error by bill in circuit court, within two years after the final settlement thereof; and the evidence filed in the court of probate in relation to such settlement must be received as evidence in the circuit court, with such other evidence as may be adduced; and a failure to appeal from the decree of the probate court shall not be held to be such fault or neglect as will bar the complainant of the remedy herein provided."

Title 13, § 147, makes § 145 applicable to guardians' settlements. The settlement in probate court was February 3, 1956, and the bill in the instant case was filed approximately six months later and was thus within the time prescribed by statute.

■ We cannot agree that the probate proceedings are res judicata, or that appellee was guilty of such "fault or neglect on his part" to preclude him from relief under § 145. We think that appellee has explained away any "fault or neglect" by the allegations of paragraph nine, as amended. This he, as complainant, was required to do. Young v. Wall, 215 Ala. 131, 110 So. 135.

The amended bill shows that the transaction concerning the two checks occurred three months before appellant was appointed guardian for her husband; it was a transaction between husband and wife, and it was not listed in the guardian's accounting. In the testimony of appellant, taken on final settlement of her guardianship, she stated that her husband wrote and signed the checks, that they were gifts from him to her and that she had not included them in the settlement. Appellee did not know of the check for $5,561.78 until this testimony was taken.

We fail to see any "fault or neglect" on appellee's part in not pursuing the matter immediately so that the judgment of the probate court could be set aside within 30 days after its rendition. Here was a husband approaching death; he was a man of some means. It was not an unusual or abnormal thing for him to make a gift to his wife during his lifetime, and in view of her testimony at her settlement as guardian, there was nothing to cause doubt to be cast on the validity of the transaction. Appellee came into possession of the checks after the settlement and it was only then that the genuineness of the checks was questioned.

■ A bill of review under Tit. 13, § 145, supra, can be based upon newly discovered evidence. Barclay v. Stanley, 255 Ala. 95, 50 So.2d 242. In McAnally v. Farish, 244 Ala. 598, 14 So.2d 516, 519, this court said:

"To warrant the review of said proceedings and the reversal of the decree on the ground of newly discovered evidence, it is incumbent upon the party seeking such reversal, to show by allegation and proof, that such evidence is newly discovered,—that it could not have been discovered before the former trial by proper diligence,—and that on such newly discovered evidence, together with the other testimony offered on the previous trial, the complainant would have been entitled to a more beneficial decree than that rendered. Alexander v. Alexander, 230 Ala. 170, 160 So. 343."

We are of the opinion that the facts and circumstances averred are sufficient, if proven, to acquit appellee of any want of diligence in discovering the new evidence stated in paragraph nine, as amended. Un-

questionably, if the checks are in fact spurious, and the allegations going to the question of vigilance are also proven, the appellee, representing all the beneficiaries under the decedent's will, is entitled to relief.

 We also think the bill, as amended, is of sufficient certainty and particularity as not to be subject to those grounds of demurrer raising the lack of these requirements.

 The petition for writ of mandamus must be denied. Appellant points out that a decree sustaining or overruling the sufficiency of a plea in equity is not appealable, citing Tit. 7, § 755, Code 1940, and Rowe v. Bonneau-Jeter Hardware Co., 245 Ala. 326, 16 So.2d 689, 158 A.L.R. 1266.

 The general rule in this state is that if the matters complained of, including a ruling on a plea in abatement, can be presented ultimately by an appeal, mandamus will not ordinarily be granted. Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432. Some exceptions to this general rule are discussed in the Brittain case. It is clear that the citation of a case involving a divorce to support a petition for writ of mandamus is not apt authority in non-divorce cases. We do not attempt to reconcile all our cases which are recognized as exceptions to the general rule. It is sufficient to state that expense and inconvenience do not work an exception to the stated rule. Ex parte Little, 266 Ala. 161, 95 So.2d 269; Ex parte Brooks, 264 Ala. 674, 89 So.2d 100.

It cannot be maintained that a review of the ruling on the sufficiency of the plea of res judicata on appeal from a final decree does not afford adequate relief. Not only is that ruling reviewable on appeal, if assigned as error, but the defense of res judicata can be presented in appellant's answer. Equity Rule 16; Code 1940, Tit. 7 Appendix; Gardner v. Gardner, 250 Ala. 251, 34 So.2d 157.

It follows, therefore, that the writ must be denied. The decree of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.

On Motion for Rehearing.

MERRILL, Justice.

In original briefs, appellant argued that the allegations in the bill that the check was not executed by the decedent, "are vague and indefinite in this; they fail to state in what manner M. T. Martin failed to execute the described checks." We disposed of those contentions with this statement: "We also think the bill, as amended, is of sufficient certainty and particularity as not to be subject to those grounds of demurrer raising the lack of these requirements."

The original bill, after describing the checks, contained the averment "that neither said instruments was executed by the said testator, M. T. Martin, the same are both void abinitio and were not properly payable out of the funds or bank account of said M. T. Martin." The amended bill added the following after explaining the information which came to appellee respecting the genuineness of the signatures: "Complainant avers that neither said purported check is the check, instrument or order for the payment of money of his testator M. T. Martin." We think these allegations are sufficient as against the grounds of demurrer thereto addressed.

We do not consider that anything in this opinion impinges in any way upon our holdings in Battle v. Morris, 265 Ala. 581, 93 So.2d 428, or Henley v. Chabert, 189 Ala. 258, 65 So. 993.

Application overruled.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.