114 So.2d 920

**STATE of Alabama ex rel. James M. POWELL et al.**

**v.**

**GENERAL ACCEPTANCE CORP.**

6 Div. 399.

Supreme Court of Alabama.

Oct. 8, 1959.

John Ike Griffith, Birmingham, for appellants.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellee.

STAKELY, Justice.

This action was commenced by the filing of an original bill of complaint in the Circuit Court of the Tenth Judicial Circuit of Alabama, in Equity. The bill of complaint undertakes to bring this action in the name of the State of Alabama on the relation of James M. Powell, in the name of the State of Alabama on the relation of James M. Powell as a member of a class, and individually in his own name, James M. Powell.

The bill of complaint charges that the operation of the General Acceptance Corporation, a corporation, in financing sales of used automobiles involves excessive and usurious interest exactions and constitutes a nuisance both public and private.

It is alleged in substance that James M. Powell is a member of a large class of poor white and colored people living in Jefferson County, Alabama, who are poorly educated, can hardly read and write, have no or little money with which to retain legal counsel to advise them, are not competent to read and understand printed contracts connected with the purchase and financing of automobiles and are not able to analyze such printed contracts so as to be able to determine the interest rates expressed and implied in such contracts and the different members of the class are persons of which James M. Powell is a member are continuing from day to day and from time to time and are presently purchasing automobiles from the General Acceptance Corporation and are pres-

ently suffering damages from day to day and from time to time by reason of the fact that the aforesaid respondent is continuing and will continue to perpetrate and maintain a public nuisance and private nuisance and by necessity the members of this class must purchase automobiles on credit as they have not the money with which to pay cash in advance and each member of said class is suffering and will continue to suffer damages peculiar to himself and to suffer damages different and distinct from that suffered by each of the other members of this class and that James M. Powell did suffer damages different and distinct from those suffered by each of the other members of said class. It is further alleged that the State of Alabama in its sovereign capacity is interested in the protection of its citizens, particularly small wage earners from invasion of their legal rights and from the illegal extraction or extortion of moneys which such citizens are not legally required to pay. It is further alleged that the respondents will continue to violate the provisions of the statutes of the State of Alabama with reference to usurious interest and will continue to institute large numbers of vexatious actions in the courts of Jefferson County for the purpose of attempting to enforce or collect usurious sums of money and interest and that processes of the courts of Jefferson County will continue to be abused by such actions unless restrained by the decree of this court.

It is further alleged that James M. Powell had paid his contract on his automobile down to a balance of $176.04 when he was forced out of employment due to a general work stoppage by strike and at the time requested an extension of time in which to make his payment of the balance of $176.-04, that the General Acceptance Corporation by and through its agents or employees tricked James M. Powell into surrendering his automobile by promising him that if he would turn the car in and leave it a week, he could get it back and that they would hold it for him and not sell or dispose of it and would protect his interest in

the car and that when he surrendered the car, the defendant refused to let him have it back and refused to grant him extension of time to make the payments until the strike was over.

The bill closes with a prayer asking a temporary and permanent injunction against General Acceptance Corporation, enjoining the aforesaid corporation, its servants, agents and employees from charging usurious interest in their business transactions. The bill also seeks a monetary judgment, including damages both actual and punitive and closes with a prayer that the court find that General Acceptance Corporation has violated the personal rights of James M. Powell in falsely, maliciously and willfully obtaining usurious interest, and requesting that the court direct General Acceptance Corporation to refund to James M. Powell the sum of $911.-14 for wanton and willful trespass and in addition thereto punitive damages in the amount of $50,000.

General Acceptance Corporation filed its sworn plea in abatement to the sworn bill of complaint. This plea in abatement takes the position that James M. Powell lacks authority to bring this action in the name of the State of Alabama.

On a motion to dismiss the plea in abatement, the court below rendered a decree holding the plea in abatement legally sufficient. The decree reads, in part, as follows:

"It is, therefore, ordered, adjudged and decreed by the Court that the plea in abatement be, and the same hereby is held legally sufficient as against complainants' motion insofar as further maintenance of the bill in the name of the State of Alabama as a party complainant is concerned. As to the individual complainant, the plea discloses no matter in abatement, nor does it purport to challenge the authority of the complainant's own solicitor to maintain the bill in his individual behalf."

Subsequently the appellants filed in the court below their motion to set aside the decree holding the plea in abatement legally sufficient. Thereafter the circuit judge, in equity, sitting, rendered a decree overruling and denying appellants' motion to set aside the decree holding the plea in abatement legally sufficient.

Subsequently on January 30, 1959, there was an appeal to this court from the decree holding the plea in abatement legally sufficient, which was rendered on the 19th day of December, 1958, and from the decree overruling the motion to set aside the decree holding the plea in abatement legally sufficient.

The assignments of error contain a "prayer for alternative relief: and/or petition for mandamus, and/or petition for certiorari and/or petition for construction of a statute."

I. This court has held that an appeal will not lie from a decree sustaining the legal sufficiency of a plea in abatement. Martin v. Martin, 267 Ala. 600, 104 So. 2d 302; Ex parte Little, 266 Ala. 161, 95 So.2d 269; Dorrough v. McKee, 264 Ala. 663, 89 So.2d 77.

This court will ex mero motu dismiss an appeal which is predicated on a nonappealable order. Tarvin v. Tarvin, 266 Ala. 214, 95 So.2d 397. In this connection, § 755, Title 7, Code of 1940, which is the statutory authorization for appeals from certain interlocutory decrees in equity, with the exception of interlocutory injunctive orders, makes no provision for appeals from a ruling on the sufficiency of a plea in equity. Tarvin v. Tarvin, supra.

We think it necessarily follows that if an appeal will not lie from a decree sustaining the sufficiency of a plea in abatement, an appeal will not lie from a decree overruling and denying a motion to set aside a decree holding a plea in abatement legally sufficient. The motion here really seems to be a motion for a rehearing and in equity a decree on a motion for

a rehearing is not appealable unless the original decree is modified. Equity Rule 62, Code 1940, Tit. 7 Appendix; Capps v. Norden, 261 Ala. 676, 75 So.2d 915.

We are asked to hold that the proceedings in effect be regarded as an alternative petition for mandamus but we are not willing to approve the loose procedure in which this alleged petition is made. Brady v. Brady, 144 Ala. 414, 39 So. 237. The case was not submitted in this court on a petition or motion for the alternative writ but the alleged petition is made only in the assignments of error. If we assume, however, for the sake of argument that we should regard the present proceedings as a petition for the alternative writ, we would not grant the petition for the alternative writ for a number of reasons.

The ruling on the plea in abatement in this case can be presented ultimately by appeal and accordingly in our judgment, mandamus will not lie. Martin v. Martin, 267 Ala. 600, 104 So.2d 302; Ex parte Little, 266 Ala. 161, 95 So.2d 269; Ex parte Brooks, 264 Ala. 674, 89 So.2d 100; Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432.

In the absence of statutory authorization, a private citizen has no standing to champion the right of the public in abating a public nuisance in an action brought in behalf of the state. State ex rel. Embry v. Bynum, 243 Ala. 138, 9 So.2d 134; Dozier v. Troy Drive-In Theatres, 265 Ala. 93, 89 So.2d 537. Evidently in the allegations of the bill of complaint it is sought to bring this case within the influence of the case of Larson v. State ex rel. Patterson, 266 Ala. 589, 97 So.2d 776. In the case here referred to the bill was filed in equity by the State of Alabama on the relation of the Attorney General of the State. This is not the situation in the case at bar.

It is insisted that under the provisions of § 1093, Title 7, Code of 1940, James M. Powell has the authority to bring an action in equity in the name of the State of Alabama to abate the nuisance alleged

in the foregoing bill of complaint. We set out § 1093, as follows:

"Whenever a nuisance exists, the attorney-general of the state, or the solicitor, his assistant or deputy, or any prosecuting attorney in the county, or any citizen or citizens, may bring an action in equity in the name of the State of Alabama, upon the relation of such attorney-general, or such other officer or person to abate such nuisance and to perpetually enjoin the persons or persons maintaining the same from further maintenance thereof."

But the conduct of the respondent in this case, General Acceptance Corporation, is not shown to be the type of nuisance covered by § 1091, Title 7, Code of 1940, which reads as follows:

"For the purpose of this article, the terms place, person, nuisance are defined as follows: Place shall include any building, erection, or place or any separate part or portion thereof or the ground itself; person shall include any individual, corporation, association, partnership, trustee, lessee, agent or assignee; nuisance shall mean any place as above defined in or upon which lewdness, assignation, or prostitution is conducted, permitted, continued, or exists, and the personal property and contents used in conducting or maintaining any such place for any such purpose."

In Howard v. State ex rel. Andrews, 238 Ala. 185, 190 So. 278, 279, in referring to these same statutes, which then appeared in the Code of 1923, this court said:

"The proceedings to abate nuisances provided for in Article 2, Chapter 325, §§ 9280–9298, are limited to nuisances as defined by said § 9280, as follows: 'For the purpose of this article the terms place, person, nuisance are defined as follows: Place shall include any building, erection, or place or any separate part or portion thereof or the ground itself; person shall include any individual, corporation, association, partnership, trustee, lessee, agent or assignee; nuisance shall mean any place as above defined in *or upon which lewdness, assignation, or prostitution is conducted, permitted, continued, or exists,* and the personal property and contents used in conducting or maintaining any such place for any such purpose.' [Italics supplied.]

"The averments of the bill do not bring the case within said Article 2, Chapter 325 of the Code. * * *"

We conclude that the lower court correctly held that the plea in abatement in this cause is legally sufficient as against the motion insofar as further maintenance of the bill in the name of the State of Alabama as a party complainant is concerned. In equity a plea may be properly filed to a part of a bill. Cartwright v. West, 173 Ala. 198, 55 So. 917. A plea is a proper method for testing the authority of counsel for a complainant to bring an action in the name of the State of Alabama. Caples v. Nazareth Church of Hopewell Ass'n, 245 Ala. 656, 18 So.2d 383; Mitchell v. Church of Christ at Mt. Olive, 219 Ala. 322, 122 So. 341.

We point out that the lower court held that so far as James M. Powell is individually concerned, the plea discloses no matter in abatement nor does it purport to challenge the right of James M. Powell to have his own attorney and to maintain the bill in his individual behalf.

We have reached the conclusion that the decree of the lower court is correct. Furthermore, the present proceedings will not be considered as a petition for the alternative writ of mandamus but even if it were so considered, the petition would not be granted.

Appeal dismissed.

LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.