123 So.2d 1

**Ex parte Roy GRAHAM and Van Hamilton.**

**8 Div. 6.**

Supreme Court of Alabama.

Sept. 8, 1960.

H. Neil Taylor, Russellville, for petitioners.

Howell T. Heflin, Tuscumbia, for respondent.

GOODWYN, Justice.

On March 31, 1959, Ozzie Willis, while driving his own automobile, was involved in an accident with an automobile being driven by Roy Graham and owned by Van Hamilton. On the same day Graham filed suit number 2972 against Ozzie Willis in the law and equity court of Franklin County to recover $10,000 in damages for personal injuries allegedly received as a result of Willis' negligence on the occasion of the accident.

On April 1, 1959, Van Hamilton filed suit number 2973 against Willis in the same court to recover damages of $1,000 to his automobile, the complaint charging Willis with negligence.

On July 9, 1959, Willis filed suit number 4137 in the circuit court of Franklin County against Graham and Hamilton to recover personal injury and property damages in the amount of $50,000 allegedly resulting from said accident. The complaint contains two counts, one charging Graham with negligence and the other charging him with willful and wanton conduct. Each count alleges that Graham "was then and there an agent, servant, or employee of the defendant Van Hamilton, and was acting within the line and scope of his authority."

On July 11, 1959, Graham and Hamilton filed separate identical pleas in abatement to the suit brought against them by Willis. The gravamen of each plea is that "this cause should be abated for at the time of the filing and institution of this cause, there was pending in the Law and Equity Court of Franklin County, Alabama, a suit number 2972 by Roy Graham [suit number 2973 by Van Hamilton] against Ozzie Willis wherein the same subject matter and cause of action was involved." Willis' demurrers to said pleas being sustained, Graham and Hamilton filed here a petition for mandamus to review such rulings. We granted the rule nisi. The respondent judge has filed, seriatim, a motion to strike the petition and rule nisi, a demurrer to, the petition and rule nisi, and also an answer.

**166**

We are at the conclusion that the alternative writ should not have been granted for the reason that the rulings on the sufficiency of the pleas in abatement can be presented for review on appeal from a final judgment in the case, and that on such review petitioner can obtain adequate relief. See: Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432; Ex parte Brooks, 264 Ala. 674, 89 So.2d 100; Ex parte Little, 266 Ala. 161, 95 So.2d 269; and Martin v. Martin, 267 Ala. 600, 104 So.2d 302, for statement and discussion of the general rule of review and exceptions thereto. Also see: Ex parte Morton, 261 Ala. 581, 75 So.2d 500; Dorrough v. McKee, 264 Ala. 663, 89 So.2d 77; Berry v. Berry, 266 Ala. 252, 95 So.2d 798; State ex rel. Powell v. General Acceptance Corp., 269 Ala. 627, 114 So.2d 920. We perceive no basis for holding that the rulings sought to be reviewed come within any of the established exceptions to the general rule as noted in the above-cited cases.

The peremptory writ is denied.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.