370 So.2d 953 (1979)
In re CONTINENTAL OIL COMPANY
v.
Joe C. WILLIAMS.
Ex parte Continental Oil Company.
77-722.
Supreme Court of Alabama.
April 6, 1979.
Rehearing Denied May 4, 1979.
J. Edward Thornton, Mobile, for petitioner, Continental Oil Co.
William H. Saliba, Mobile, for respondent, Joe C. Williams.
Charles J. Fleming of Armbrecht, Jackson, Demouy, Crowe, Holmes & Reeves, Mobile, for Honorable Braxton L. Kittrell, Jr., Circuit Judge of the Thirteenth Judicial Circuit.
FAULKNER, Justice.
Continental Oil Co. seeks a writ of mandamus to the Honorable Braxton L. Kittrell, Jr., circuit judge of the Thirteenth Judicial Circuit. As it appears to this Court that the requested relief has been granted and all other issues presented must be raised by appeal, the writ is denied.
*954 The petition for mandamus arises from the long-pending suit of Continental Oil Co. v. Joe C. Williams. That suit was originally filed in 1973 and was inherited by Judge Kittrell when he took office in January, 1977. In the late spring of 1978 the following events took place which precipitated the petition for mandamus:
On May 10 Continental filed a motion to dismiss certain counterclaims filed by Williams, alleging that Williams was in default in answering interrogatories. The motion to dismiss the counterclaims was granted on May 17, but on that same day the requested answers to the interrogatories were filed. Consequently, on May 22 Williams moved to set aside the May 17 order of dismissal so that the counterclaims could proceed to trial. On June 2 Judge Kittrell entered an order, "Motion granted. Order of May 17, 1978, set aside. Counterclaim pending." However, in the interval between May 17 and May 22 while the counterclaims were technically dismissed from the case, Continental had filed its own motion to dismiss with prejudice which had not yet been acted upon. Continental, therefore, filed a motion to reconsider and set aside the order of June 2, and for other relief. This latter motion was denied in the following form:
"Plaintiff's motion filed July 11, 1978 for court to reconsider, set aside and hold for naught the order of June 2, 1978; Grant Plaintiff's motion to dismiss this suit, with prejudice and at the cost of Plaintiff; Deny any amendment of the order dismissing the counterclaim; Strike the counterclaim; Hold that the counterclaim, having been dismissed and the order of dismissal not having been set aside, is no longer pending and no further proceedings can be had thereunder; and grant Plaintiff such other relief.
July 28, 1978Motion denied. s/BRAXTON L. KITTRELL, Circuit Judge."
With the case in this posture Continental sought mandamus to compel Judge Kittrell to grant its motion to dismiss its claims with prejudice, asserting that he had no authority to deny the motion. Continental also presented to this Court a variety of reasons why, in its opinion, the counterclaims should have been dismissed. On November 2 Judge Kittrell, apparently on his own initiative, entered the following order:
"It having come to the attention of the Court that this Court entered an order on July 28, 1978, which said order, among other things, denied the Plaintiff the right to dismiss its suit, with prejudice, at the cost of the Plaintiff; and the Court having intended in said order to grant the Plaintiff the right to dismiss its suit as prayed, but to deny the remaining portions of the Plaintiff's motion filed on July 11, 1978; and said order of this Court of July 28, 1978, having been erroneously entered through oversight or omission, this Court, pursuant to Rule 60(a) of the Alabama Rules of Civil Procedure, orders as follows:
"That the Clerk of this Court is instructed to correct this Court's order of July 28, 1978, so as to reflect that the Plaintiff's action is dismissed, with prejudice, and the remaining portions of the Plaintiff's motion of July 11, 1978 are denied, including the prayer to strike the Defendant's counterclaim." (Emphasis added.)
Rule 60(a) ARCP, which substantially parallels its federal counterpart, provides:
"Clerical mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ."
The term "clerical errors" is not limited solely to errors by the clerk in transcription. It can also include errors by others, such as a jury foreman, counsel, a party, or the judge himself. 13 A.L.R.Fed. 794, § 4. When a correction is based upon the *955 recollection of the court it is not subject to contest. 13 A.L.R.Fed. 794, § 2. Here Judge Kittrell has stated in his order of November 2 that he intended to grant the motion to dismiss but did not do so through oversight or omission. Thus his action was within the scope of Rule 60(a). A similar order was allowed in Blaine v. Peters, 90 U.S.App.D.C. 207, 194 F.2d 887 (1952), where the District Court inadvertently denied a motion for a judgment notwithstanding the verdict, or in the alternative for a new trial. Two months later the District Court set aside the denial and granted the motion for new trial in a Rule 60(a) correction. Since Continental has received the relief it requested, albeit from Judge Kittrell rather than this Court, the petition for mandamus is moot.
Continental also seeks to present to this Court on mandamus the propriety of the refusal to dismiss the counterclaims. Mandamus, however, is an extraordinary writ to be used only in situations where other relief is unavailable or inadequate and is not a substitute for the appellate process. See Ex parte Blue Cross-Blue Shield of Alabama, Inc., 368 So.2d 8 (Ala. 1978). The Alabama Rules of Appellate Procedure in Rule 5 provide a simple and effective method of obtaining appellate review of an order such as the one allowing the counterclaims to remain pending. If Continental sought to challenge that order it should have done so through Rule 5, ARAP, at the appropriate time.
WRIT DENIED.
BLOODWORTH, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., concurs specially.
MADDOX, J., concurs in the result.
TORBERT, Chief Justice (concurring specially):
Continental obtained part of the relief sought in its petition for mandamus with the dismissal of its claim in the November 2 order; therefore, mandamus is inappropriate. However, I disagree with the majority's treatment of Rule 60(a).
Although there is no precise delineation in the cases construing Rule 60(a) of the ARCP or its federal counterpart as to what constitutes a "clerical mistake or error arising from oversight or omission," generally it can be said that the rule allows the correction of errors of a ministerial nature in order to reflect what was actually intended at the time of entry of the order. The rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documentsa mistake mechanical in nature which does not involve a legal decision or judgment. In re Merry Queen Transfer Corp., 266 F.Supp. 605 (E.D.N.Y.1967). In this respect is has been stated that:
Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To that end 60(a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60(b) is concerned with changing a final judgment, etc. In such a case the moving party understandably shoulders a much heavier burden.
United States v. Stuart, 392 F.2d 60, 62 (3rd Cir. 1968). Corrections involving an exercise of judicial discretion or judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60(a) and should properly be effected under Rule 59(e) or 60(b). "Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced." Wright & Miller, Federal Practice & Procedure § 2854, at 149 (1973). This court has stated:
The object of a judgment nunc pro tunc is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to *956 make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been.
Wilmerding v. The Corbin Banking Co., 126 Ala. 268, 273, 28 So. 640, 641 (1900).
Since a correction pursuant to Rule 60(a) may be made at any time and on the trial court's initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date. Therefore, it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned. See Ex parte ACK Radio Supply of Georgia, 283 Ala. 630, 219 So.2d 880 (1969); Busby v. Pierson, 272 Ala. 59, 128 So.2d 516 (1961); Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947). Stated differently, the fact of mistake or error must be supported by the record of the proceedings. See Harris v. Harris, 256 Ala. 192, 54 So.2d 291 (1951).
In Ex parte ACK Radio Supply Co. of Georgia, supra, the record revealed contradictory orders in the same case and the trial court filed an affidavit explaining how the erroneous order came about. In Busby, the record reflected the existence of the trial court's notes manifesting his intent to continue an application for rehearing although he failed to enter a written order to that effect at the time.
In the instant case, there is nothing in the record to show that Judge Kittrell intended anything other than what the July 28 order decreed. Apparently, the language employed in that order did not accurately reflect what Judge Kittrell intended for in his answer to the petition for mandamus, he states:
During the course of the mandamus proceedings the trial court became aware that its order of July 28th denying the Plaintiff's motion to reconsider and for a rehearing was not entirely clear in that sub-part B of the Plaintiff's motion requested the court to dismiss the Plaintiff's suit. Thus, the court entered a subsequent order dated November 2, 1978 to clarify its order of July 28th to reflect that the Plaintiff's action was dismissed with prejudice and the remaining portions of the Plaintiff's motion to reconsider were denied.
However, there is nothing in the record which indicates any ambiguity in the July 28 order nor are there any notes of the trial court or bench memoranda indicating that he intended anything other than what his order decreed. Moreover, correction or amendment pursuant to Rule 60(a) should not be the means of modifying or enlarging a judgment so that it expresses something which the court did not pronounce even though such correction or amendment embraces matters that should have been clearly pronounced. See Tombrello Coal Co. v. Fortenberry, supra. Although a trial court may amend or correct a prior order under Rule 60(a) to remedy ambiguous language or to state what he actually intended, there must be some spark or glimmer from the record evidencing what that intention was. See Id.
The majority relies upon Blaine v. Peters, 90 U.S.App.D.C. 207, 194 F.2d 887 (1952), as sanctioning Judge Kittrell's order of November 2. In Blaine, a motion for new trial was immediately denied upon its being filed. Several months later, the trial court set aside the denial and granted a new trial stating that it had "inadvertently" denied the motion upon initial consideration. The action of the trial court was affirmed on appeal; however, the nature of the inadvertence was not explained. Since there was no explanation of the inadvertence, it is impossible to tell whether the case presented a proper application of Rule 60(a). 6A Moore's Federal Practice 160.06[4], at 60 (2d ed. 1974).
Continental also asserts that mandamus should issue to compel the trial court to dismiss the counterclaim. In essence, the *957 resolution of this issue depends upon whether the ARCP or prior civil practice applies to the counterclaim. However, this issue is not properly presented by a petition for mandamus, and regardless of the validity of Continental's contentions on the merits, procedurally we are precluded from review with the case in its present posture.
Mandamus is not appropriate if the issue can be ultimately presented on an appeal from a final judgment. See, e. g., Martin v. Martin, 267 Ala. 600, 104 So.2d 302 (1958); Ex parte Little, 266 Ala. 161, 95 So.2d 269 (1957). Some exceptions to the general rule are cataloged in Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432 (1955). See also Miller v. Holder 292 Ala. 554, 297 So.2d 802 (1974). Without attempting to reconcile the exceptions into a definitive statement, suffice it to say that mandamus may be used in the nature of an emergency appeal to review an interlocutory order where appeal from a final judgment would not afford adequate relief. However, expense and inconvenience are not sufficient to work an exception to the rule. Ex parte Moss, 278 Ala. 628, 179 So.2d 753 (1965); Martin v. Martin, supra; Ex parte Little, supra.
Continental can adequately assert its contentions as to the impropriety of allowing the counterclaim by appeal following final judgment on the merits. The fact that it must litigate the action is insufficient to warrant issuance of the writ. Since Continental's allegations are reviewable on appeal, the petition for mandamus is properly denied.