Continental obtained part of the relief sought in its petition for mandamus with the dismissal of its claim in the November 2 order; therefore, mandamus is inappropriate. However, I disagree with the majority's treatment of Rule 60 (a).
Although there is no precise delineation in the cases construing Rule 60 (a) of the ARCP or its federal counterpart as to what constitutes a "clerical mistake or error arising from oversight or omission," generally it can be said that the rule allows the correction of errors of a ministerial nature in order to reflect what was actually intended at the time of entry of the order. The rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documents — a mistake mechanical in nature which does not involve a legal decision or judgment. Inre Merry Queen Transfer Corp., 266 F. Supp. 605 (E.D.N.Y. 1967). In this respect is has been stated hat:
 Rule 60 (a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To that end 60 (a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60 (b) is concerned with changing a final judgment, etc. In such a case the moving party understandably shoulders a much heavier burden.
United States v. Stuart, 392 F.2d 60, 62 (3rd Cir. 1968). Corrections involving an exercise of judicial discretion or judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60 (a) and should properly be effected under Rule 59 (e) or 60 (b). "Thus a motion under Rule 60 (a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced." Wright Miller, Federal Practice 
Procedure § 2854, at 149 (1973). This court has stated:
 The object of a judgment nunc pro tunc is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to *Page 956 
make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been.
Wilmerding v. The Corbin Banking Co., 126 Ala. 268, 273,28 So. 640, 641 (1900).
Since a correction pursuant to Rule 60 (a) may be made at any time and on the trial court's initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date. Therefore, it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned. SeeEx parte ACK Radio Supply of Georgia, 283 Ala. 630,219 So.2d 880 (1969); Busby v. Pierson, 272 Ala. 59, 128 So.2d 516
(1961); Tombrello Coal Co. v. Fortenberry, 248 Ala. 640,29 So.2d 125 (1947). Stated differently, the fact of mistake or error must be supported by the record of the proceedings. SeeHarris v. Harris, 256 Ala. 192, 54 So.2d 291 (1951).
In Ex parte ACK Radio Supply Co. of Georgia, supra, the record revealed contradictory orders in the same case and the trial court filed an affidavit explaining how the erroneous order came about. In Busby, the record reflected the existence of the trial court's notes manifesting his intent to continue an application for rehearing although he failed to enter a written order to that effect at the time.
In the instant case, there is nothing in the record to show that Judge Kittrell intended anything other than what the July 28 order decreed. Apparently, the language employed in that order did not accurately reflect what Judge Kittrell intended for in his answer to the petition for mandamus, he states:
 During the course of the mandamus proceedings the trial court became aware that its order of July 28th denying the Plaintiff's motion to reconsider and for a rehearing was not entirely clear in that sub-part B of the Plaintiff's motion requested the court to dismiss the Plaintiff's suit. Thus, the court entered a subsequent order dated November 2, 1978 to clarify its order of July 28th to reflect that the Plaintiff's action was dismissed with prejudice and the remaining portions of the Plaintiff's motion to reconsider were denied.
However, there is nothing in the record which indicates any ambiguity in the July 28 order nor are there any notes of the trial court or bench memoranda indicating that he intended anything other than what his order decreed. Moreover, correction or amendment pursuant to Rule 60 (a) should not be the means of modifying or enlarging a judgment so that it expresses something which the court did not pronounce even though such correction or amendment embraces matters that should have been clearly pronounced. See Tombrello Coal Co. v.Fortenberry, supra. Although a trial court may amend or correct a prior order under Rule 60 (a) to remedy ambiguous language or to state what he actually intended, there must be some spark or glimmer from the record evidencing what that intention was. SeeId.
The majority relies upon Blaine v. Peters, 90 U.S.App.D.C. 207, 194 F.2d 887 (1952), as sanctioning Judge Kittrell's order of November 2. In Blaine, a motion for new trial was immediately denied upon its being filed. Several months later, the trial court set aside the denial and granted a new trial stating that it had "inadvertently" denied the motion upon initial consideration. The action of the trial court was affirmed on appeal; however, the nature of the inadvertence was not explained. Since there was no explanation of the inadvertence, it is impossible to tell whether the case presented a proper application of Rule 60 (a). 6A Moore's Federal Practice ¶ 60.06[4], at 60 (2d ed. 1974).
Continental also asserts that mandamus should issue to compel the trial court to dismiss the counterclaim. In essence, the *Page 957 
resolution of this issue depends upon whether the ARCP or prior civil practice applies to the counterclaim. However, this issue is not properly presented by a petition for mandamus, and regardless of the validity of Continental's contentions on the merits, procedurally we are precluded from review with the case in its present posture.
Mandamus is not appropriate if the issue can be ultimately presented on an appeal from a final judgment. See, e.g., Martinv. Martin, 267 Ala. 600, 104 So.2d 302 (1958); Ex parte Little,266 Ala. 161, 95 So.2d 269 (1957). Some exceptions to the general rule are cataloged in Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432 (1955). See also Miller v. Holder 292 Ala. 554, 297 So.2d 802 (1974). Without attempting to reconcile the exceptions into a definitive statement, suffice it to say that mandamus may be used in the nature of an emergency appeal to review an interlocutory order where appeal from a final judgment would not afford adequate relief. However, expense and inconvenience are not sufficient to work an exception to the rule. Ex parte Moss, 278 Ala. 628, 179 So.2d 753 (1965); Martinv. Martin, supra; Ex parte Little, supra.
Continental can adequately assert its contentions as to the impropriety of allowing the counterclaim by appeal following final judgment on the merits. The fact that it must litigate the action is insufficient to warrant issuance of the writ. Since Continental's allegations are reviewable on appeal, the petition for mandamus is properly denied.